GERSPER ET AL., APPELLANTS, *v.* ASHTABULA COUNTY CHILDREN SERVICES BOARD ET AL., APPELLEES.

[Cite as Gersper *v.* Ashtabula Cty. Children Services Bd. (1991), 59 Ohio St. 3d 127.]

(No. 90-936—Submitted March 5, 1991—Decided May 1, 1991.)

*Patrick M. Maniscalco,* for appellants.

*Quandt, Siffels, Buck & Rodgers Co., L.P.A.,* and *Hunter S. Havens,* for appellees.

DOUGLAS, J. R.C. 2151.421 sets forth who is required to report and investigate incidents of child abuse and/or neglect. Health care professionals, among others, who know or suspect that a child has suffered abuse or neglect have a duty to report the incident to the children services board, the county department of human services, or a municipal or county peace officer.[2] Any person who is required to make such a report and fails to do so is guilty of a fourth-degree misdemeanor. R.C. 2151.99(A); Ohio Adm. Code 5101:2-34-04. A board or department, pursuant to division (F) of R.C. 2151.421, is required to investigate, within twenty-four hours, each report of a known or suspected incident of abuse or neglect determining the cause and circumstances surrounding the incident and the person(s) responsible. The investigation must also be conducted in cooperation with law en-

[2] R.C. 2151.421(A)(1).

forcement agencies. The board or department must report each case to a central registry and submit a written report of its investigation to the law enforcement agency.

The question at issue deals with the potential civil liability of a board and its employees. More specifically, we are asked to determine whether a children services board and a caseworker with the board are immune from civil liability pursuant to former R.C. 2151.421(G), when they have taken affirmative steps to investigate the report of alleged abuse or neglect and have actively participated in a judicial proceeding to secure the safety of the child suspected of being abused or neglected. For the reasons expressed *infra,* we answer the question in the affirmative and, accordingly, affirm the judgment of the court of appeals.

R.C. 2151.421(G)[3] provided, in part, that:

"Anyone or any hospital, institution, school, health department, or agency *participating in the making of reports under this section, or anyone participating in a judicial proceeding resulting from the reports, shall be immune* from any civil or criminal liability that otherwise might be incurred or imposed as a result of such actions. * * *" (Emphasis added.)

Appellants take a constricted view of R.C. 2151.421(G) and argue that the General Assembly enacted the statute to provide immunity for those persons who have reported to the proper authorities known or suspected incidents of child abuse or neglect. Therefore, urge appellants, because R.C. 2151.421(G) does not explicitly address investigations, the statute should not be construed to confer im-

munity upon a children services board and its employees who are accused of negligently investigating a report of suspected child abuse or neglect. Appellants further argue that our recent decision in *Brodie* v. *Summit Cty. Children Services Bd.* (1990), 51 Ohio St. 3d 112, 554 N.E. 2d 1301, is dispositive of this issue and refutes appellees' claim of immunity. We do not agree. Neither the language of R.C. 2151.421(G) as applied to this case nor appellants' reading of *Brodie* warrants such a conclusion.

In *Brodie,* a guardian ad litem for a minor sued, among others, a children services board and its officers alleging, *inter alia,* that the defendants negligently failed or refused to investigate or file dependency and neglect proceedings on behalf of the minor. The evidence disclosed that despite receiving reports of abuse and neglect, the board and its officers *failed to take action to secure* the safety of the child until she was admitted to a hospital in a comatose condition. We refused to shield the board and officers from liability and held, in paragraph four of the syllabus, that: "[d]ivision (G) of R.C. 2151.421 does not confer immunity upon those who fail to carry out the mandate of * * * [R.C. 2151.421(F)]."

In reaching our conclusion, we reasoned that:

"* * * The court of appeals correctly reversed, concluding that the *statute confers immunity on employees of CSB only when they participate in the making of reports or in judicial proceedings resulting from reports prepared pursuant to the statute.* The basis of the action here is not the making of reports or participation in judicial proceedings arising from

---

[3] R.C. 2151.421(G) has been amended effective July 24, 1990 and April 11, 1991, primarily to require good faith participation in the judicial proceeding and in the making of reports. R.C. 2151.421(G)(1).

reports of child abuse or neglect *but, instead, the agency's failure to report, initiate and proceed with judicial proceedings on behalf of Tara Cook.*" (Emphasis added.) *Id.* at 120, 554 N.E. 2d at 1309.

There exists a clear distinction between *Brodie, supra,* and the case before this court. *Brodie* concerned a board and officers who received reports of suspected child abuse and neglect but *failed to respond,* an omission clearly in violation of a statute. In the instant case, we are confronted with an entirely different situation. Here, we have a children services board and a caseworker who *have taken affirmative steps,* commensurate with a report from a health care professional, to investigate and "initiate and proceed with judicial proceedings" in order to secure the safety of a child suspected of being abused or neglected. Hence, it would be incorrect to maintain that the defendants' omissions in *Brodie,* which violated a clear statutory duty, can be equated with appellees' actions in the case now before us. Thus, *Brodie,* being factually inapposite to this case, does not apply.

The purpose of R.C. 2151.421(G) is clear. The General Assembly enacted division (G) to encourage those[4] who know or suspect that a child has fallen victim to abuse or neglect to report the incident to the proper authorities and/or participate in the judicial proceedings to secure the child's safety without fear of being exposed to civil or criminal liability. It is obvious to us that appellees, *recipients* of a report of suspected abuse or neglect, do not fall within the protected class of those "participating in the making of reports." However, it is equally clear that appellees do, indeed, fall within that portion of the statute that grants immunity to those who have participated "in a judicial proceeding resulting from the reports."

Appellees, upon learning of a potential problem from Sue McMannes of Geneva Hospital, took affirmative action to investigate the report. Appellees filed a complaint with the juvenile court and, on the same day, secured temporary custody of Evan. Two days later, *following a hearing,* custody in ACS was continued and Evan was placed with his grandmother. To ensure his safety, Evan remained in appellees' custody for approximately six months. Clearly, appellees were, as contemplated by the General Assembly, participants in a judicial proceeding resulting from a report of suspected child abuse or neglect. Therefore, appellees, pursuant to R.C. 2151.421(G), are immune from liability.

Accordingly, we conclude that former R.C. 2151.421(G) confers immunity upon those who, as a result of a report of a known or suspected incident of child abuse and/or neglect, participate in a judicial proceeding.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

[4] See fn. 3, *supra.*