Appellant, Ronald James, has appealed from an order of the Wayne County Court of Common Pleas that held him in contempt of court. We affirm.
Mr. James was divorced from Wendy Bartrum (f.k.a. Wendy James) on November 5, 1996. The Jameses had two children during their marriage: Logan, born April 23, 1992, and Brittney, born August 3, 1993. Following the divorce, Mr. James was named residential parent under a shared parenting plan.
During July, 1997, Mr. James noted serious bruising on Brittney's buttocks shortly after she returned from visitation with Ms. Bartrum. Mr. James contacted a physician, who urged him to contact Wayne County Children Services. Douglas Palmer, a social worker from Children Services, noted that the bruises appeared to be in the shape of a hand print. He initiated an investigation into possible child abuse and instructed Mr. James not to permit visitation between Brittney and Ms. Bartrum until the investigation concluded. Neither Children Services nor Mr. James sought a court order staying visitation during the investigation.
From July to September, Mr. James denied Ms. Bartrum visitation with Brittney pursuant to the shared parenting plan. Visitation resumed when a supervisor informed Mr. Palmer that he did not have authority to suspend visitation without a court order. On October 14, 1997, Ms. Bartrum moved the trial court to hold Mr. James in contempt for violating the court's visitation order. A hearing was held before a magistrate, who concluded that Mr. James should be held in contempt. The trial court overruled his objections to the magistrate's decision on January 20, 1998, and ordered Mr. James held in contempt of court. Mr. James timely appealed. He has raised two assignments of error, which are consolidated for ease of discussion.
ASSIGNMENT OF ERROR I
 The trial court erred as a matter of law in finding that [Mr. James'] actions were not protected by the immunity provisions of R.C. 2151.42.1.
ASSIGNMENT OF ERROR II
 The trial court erred as a matter of law in holding that the immunity provisions set forth in R.C. 2151.42.1(G)(1) had no application to [Mr. James] in the contempt proceeding.
In his assignments of error, Mr. James has argued that he was protected from contempt of court by the immunity provisions of R.C. 2151.42.1(G)(1) as a reporter of potential child abuse. We disagree.
R.C. 2151.42.1(A)(1)(a) requires certain persons, while acting in an official or professional capacity, to report known or suspected child abuse or neglect to the police or to a local children services agency. This provision applies to any person who is:
 an attorney; * * * health care professional; licensed psychologist; licensed school psychologist; speech pathologist or audiologist; coroner; administrator or employee of a child day-care center; administrator or employee of a certified child care agency or other public or private children services agency; school teacher; school employee; school authority; person engaged in social work or in the practice of professional counseling; or a person rendering spiritual treatment through prayer in accordance with the tenets of a well-recognized religion.
R.C. 2151.42.1(A)(1)(a). Those who make a report of abuse under this section, participate in good faith in the process of making a report, or participate in good faith in any judicial proceedings resulting from a report are immune from civil and/or criminal liability for their actions. R.C. 2151.42.1(G)(1). This immunity extends to any person who chooses to report suspected abuse, though not required to do so, pursuant to R.C. 2151.42.1(B). R.C. 2151.42.1(G)(1). The purpose of these provisions is "to encourage those who know or suspect that a child has fallen victim to abuse or neglect to report the incident to the proper authorities and/or participate in the judicial proceedings to secure the child's safety without fear of being exposed to civil or criminal liability." Gersper v. Ashtabula Cty. Children Services Bd. (1991), 59 Ohio St.3d 127, 130.
The trial court held Mr. James in contempt not because he reported suspected child abuse, but because he disregarded an existing court order by denying visitation. He has argued that he should have been shielded by immunity because he withheld Ms. Bartrum's visitation at the instruction of a representative of Children Services. As Mr. Palmer later concluded, however, he was without authority to withhold visitation. While Mr. James' intentions may have be laudable, good intentions do not negate the fact that he disregarded a court order by withholding visitation. See Woods v. Woods (May 28, 1997), Summit App. No. 17935, unreported, at 23.
Contempt is the disobedience of a lawful court order.Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. See, also, R.C. 2705.02(A). "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice."Windham Bank, supra, at paragraph two of the syllabus. R.C.2705.031(B)(2) provides that "[a]ny person who is granted visitation rights under a visitation order or decree * * * may initiate a contempt action for failure to comply with, or an interference with, the order or decree."
Although contempt proceedings are not fundamentally civil or criminal in nature, they may be classified as either civil or criminal based on the character and purpose of the sanctions imposed. Denovchek v. Bd. of Trumball Cty. Commrs. (1988),36 Ohio St.3d 14, 16. Sanctions that are designed to benefit the complainant by remedying the contempt or coercing compliance with the court's order are civil in nature; in contrast, criminal sanctions are punitive in nature and often involve an unconditional prison sentence or fine. Id. See, also, Smith v.Smith (Dec. 27, 1995), Wayne App. No. 95CA0017, unreported, at 3-4. Further, a distinction can be made between direct contempt, which is committed in the presence of the court, and indirect contempt, which is committed outside the court's presence. In reParker (1995), 105 Ohio App.3d 31, 35.
In this case, the magistrate's decision as adopted by the trial court noted that Mr. James prohibited visitation between Brittney and Ms. Bartrum between July 28, 1997, and September 10, 1997. By journal entry dated November 5, 1997, the trial court approved the magistrate's decision and imposed a jail sentence of ten days in addition to payment of attorney fees incurred by Ms. Bartrum. The sentence was suspended conditioned on Mr. James' future compliance with visitation orders, reimbursement of attorney fees within thirty days, and plans to make up the missed visitation within ninety days.
The contempt order, therefore, addressed Mr. James' past conduct in denying visitation between July and September, but conditioned suspension of the prison sentence on future conduct. A contempt proceeding, and any resulting sanctions, may contain elements of both civil and criminal contempt. Cincinnati v.Cincinnati Dist. Council 51 (1973), 35 Ohio St.2d 197, 206, citingUnited States v. United Mine Workers of Am. (1947), 330 U.S. 258,259, 91 L.Ed 884, 889. Although elements of the sanction imposed were designed to coerce future compliance with the court's order, the primary emphasis of the contempt order was to punish Mr. James for his past refusal to permit visitation. See In re Parker,105 Ohio App.3d at 34-35. As such, the contempt proceeding was predominantly criminal in nature.
The elements of indirect criminal contempt must be proved beyond a reasonable doubt. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, syllabus. The court must find, beyond a reasonable doubt, that the contemnor intended to defy an order of the court. Midland Steel Prods. Co. v. U.A.W. Local 486 (1991),61 Ohio St.3d 121, 127. Consequently, we must examine the sufficiency of the evidence presented to determine whether the trial court could reasonably have concluded, beyond a reasonable doubt, that Mr. James' actions constituted contempt. See State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
Mr. James admitted that he refused to allow visitation between Ms. Bartrum and her daughter; that a court order was in place requiring mid-week and weekend visitation; and that the court had not modified the visitation order. Given this evidence, the court's order holding Mr. James in contempt was not based on insufficient evidence. Accordingly, his assignments of error are overruled. The judgement of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wayne County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
BAIRD, P.J. CONCURS