THE WINDHAM BANK, APPELLEE, *v.* TOMASZCZYK, APPELLANT.

(No. 69-780—Decided June 30, 1971.)

*Messrs. Ford & Kainrad* and *Mr. Joseph R. Kainrad,* for appellee.

*Mr. Leo M. Ascherman* and *Mr. Robert W. Wurzman,* for appellant.

O'NEILL, C. J.   Appellant sets forth six propositions of law. Three relate to his claim that the trial court, in proceedings in indirect contempt, must follow the procedures outlined in R. C. 2705.03 and that under that section an alleged contemnor is entitled to have the charges against him put in writing and journalized. The other three are that to support a finding of indirect contempt it must be shown beyond a reasonable doubt that there was an intent to commit the contempt; that the items removed from the premises were personalty; and that the charges for violation of R. C. 2705.02 must be instituted by one having direct interest in the proceedings or ownership of the property.

R. C. 2705.03 reads:

"In cases under Section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the

court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel. This section does not prevent the court from issuing process to bring the accused into court, or from holding him in custody, pending such proceedings.''

Appellant states that he was not informed of the contempt by the attachment and that no journal entry of the charges was filed. He asserts that this resulted in denial of due process, citing for such contention the following from *State* v. *Local Union 5760* (1961), 172 Ohio St. 75, 173 N. E. 2d 331, at page 80: ''* * * when the General Assembly has prescribed the procedure for the exercise of the contempt power, it then becomes the duty of the court to follow such procedure. * * * ''

In finding appellant's claim of lack of due process to be without merit, the trial court stated:

''* * * He [appellant] complains that Judge Cook should not have issued the attachment of his person. Revised Code 2705.03, requiring a charge in writing in its last sentence specifically says: 'This section does not prevent' such action.

''The plaintiff was required to file the required written charges, and defendant was given full opportunity to be heard thereon both in person and by counsel. At the time of the hearing he was at large on bail, and present at the hearing and was not in any wise prejudiced because journal entry of the filing was not at the time made on the court's journal.''

Inasmuch as the trial court did require the filing of written charges and appellant has not demonstrated that he was prejudiced by any failure of the trial court to follow R. C. 2705.03, we agree with that court's conclusion and find no error in the procedure under which appellant was determined to be in contempt.

We turn now to the principal question raised in this appeal, namely, whether intent is a material element of the offense of civil contempt.

It is apparent from the facts in this case that appel-

lant acted in good faith, without subterfuge and only after seeking the advice of his counsel as to what he could remove from the house. It is clear that he did not knowingly attempt to violate the court's order, that he intended no disrespect to the court, and did not intend to interfere with the execution of the court's order. He did only what he believed he had a right to do. The question is, does such conduct constitute contempt?

The purpose of civil contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice.

"* * * the purpose of sanctions in a case of civil contempt is to coerce the contemnor in order to obtain compliance with the lawful orders of the court. *Second National Bank of Sandusky* v. *Becker,* 62 Ohio St., 289, 56 N. E., 1025, 51 L. R. A., 860. * * *" *State* v. *Local Union 5760, supra* (172 Ohio St. 75), at page 83.

Such being the case, proof of *intent* is not required in *civil* contempt.

As the Supreme Court said in *McComb* v. *Jacksonville Paper Co.* (1949), 336 U. S. 187, 191:

"The absence of wilfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. See *United States* v. *United Mine Workers,* 330 U. S. 258, 303-304; *Penfield Co.* v. *Securities & Exchange Commission,* 330 U. S. 585, 590; *Maggio* v. *Zeitz,* 333 U. S. 56, 68. *Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act.* The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents. It laid on them a duty to obey specified provisions of the statute. An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions. * * * " (Emphasis added.)

We come now to appellant's argument that the removed items were personalty. It is apparently appellant's belief that if the items were not fixtures they could be removed without permission of the court. Although, at the time the items were removed, the foreclosure decree had been entered and the property sold, confirmation of the sale had not been accomplished. Therefore, the property remained under such control of the court that any action taken to remove anything from the premises without prior court approval would constitute an obstruction to the court in carrying out the foreclosure proceedings. In such circumstances it is of no consequence whether the removed property was fixtures or personalty.

Appellant's final contention is that the contempt proceedings could be instituted only by one having a direct interest in the proceedings or the property.

The proceedings here were instituted by the mortgagee-bank when removal of the property was brought to its attention by the purchaser. At that time, the sale had not been confirmed and appellee had not been paid. It is apparent, therefore, that appellee had a direct interest in the foreclosure proceedings at the time of the filing of the contempt proceedings.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

SCHNEIDER, HERBERT, CORRIGAN and LEACH, JJ., concur. DUNCAN and STERN, JJ., dissent.

STERN, J., dissenting. In our judicial system, it is within the inherent power of the court to protect its processes against wrongdoing and to punish, as and for contempt, those who may commit such unlawful conduct.

Misconduct in law does not, per se, constitute contempt of court. Unlawful conduct, in violation of rights of ownership, does not constitute contempt unless the unlawful conduct consists of doing something which is pro-

hibited, or in failing to do something which is required, by the terms of a court order. 17 American Jurisprudence 2d 18, Section 13.

A recitation of the pertinent facts in this case shows:

(1) May 1, 1964, plaintiff filed a first mortgage on the realty involved.

(2) Several months later the mortgagee (defendant Tomaszczyk) purchased and installed carpeting and drapery rods.

(3) February 26, 1968, plaintiff filed suit to foreclose the mortgage.

(4) June 3, 1968, decree of foreclosure entered.

(5) June 10, 1968, order of sale issued.

(6) July 22, 1968, sheriff's sale had and Ronald Cowan purchased property.

(7) July 27 and 28, 1968, defendant removed his personal effects plus the carpeting and drapery rods.

On the date that the carpeting and drapes were removed, the sale had *not* been confirmed to the purchaser. Before the purchaser paid the purchase price he knew that the carpeting and drapes were missing. In fact, the purchaser was on the premises at the time the drapes were being removed from the premises, and he knew that the carpeting had been removed.

The proceeding to hold the defendant in contempt was instituted upon oral motion made by the plaintiff bank addressed to the trial court.

In order to adjudicate a person in contempt it must be shown that the accused person either partially or completely consummated an unlawful purpose which would transgress the dignity and honor of the court. *State, ex rel. Turner,* v. *Albin* (1928), 118 Ohio St. 527.

From the facts presented herein, it is evident that the defendant was adjudged guilty of having committed a *civil* contempt. Civil contempt has been defined as having a primary purpose to provide a remedy for an injured suitor and to coerce compliance with an order. 17 American Jurisprudence 2d 7, Section 4.

In the instant case, the record does not show that the plaintiff bank had been injured. The bank's financial interest in the residence was a balance due on its mortgage of between $15,000 and $16,000. Cowan's successful bid was $25,000. The record does not show that Cowan refused to pay the balance due on the purchase price because the carpets and drapes had been removed. Cowan inspected the property shortly after he bid on it and before the sale was confirmed and the sheriff's deed delivered to him. Even more than there being no "injured suitor," there was no showing in the record that any order had been issued by the court prior to the contempt hearing that the carpets and drapes were considered as fixed to the realty and could not be removed therefrom.

In the light of the record in this case I agree with the holding in *Ex parte Bostwick* (1931), 102 Fla. 995, 136 So. 669:

"* * * Whatever wrong was committed * * * was not a wrong against the dignity or power of the Circuit Court * * * for doing against which no specific order of the court had been directed." See, also, 59 Corpus Juris Secundum 1446, Section 770.

In *Bostwick*, the sale had been confirmed and the writ of possession (assistance) had been issued but not complied with by the mortgagor at the time he removed the shrubbery and other property.

The Florida case points out that property is not *in custodia legis* merely because foreclosure sale has been had and writ of assistance issued. In the instant case, the purchaser is not contending that he has been injured; the plaintiff bank has not shown that the defendant was in any manner served, prior to the contempt hearing, with a judicial order that the carpets and drapes were fixed to the realty, and that defendant was enjoined from removing them.

I would reverse the judgment of the Court of Appeals and discharge the defendant.

DUNCAN, J., concurs in the foregoing dissenting opinion.