OPINION
{¶ 1} Katrina L. Benfield appeals from the trial court's decisions and entries clarifying her entitlement to a portion of appellee Gerald Benfield's military retirement benefits and declining to find Mr. Benfield in contempt of court.
 {¶ 2} Ms. Benfield advances four assignments of error on appeal. First, she contends the trial court erred in not using a coverture fraction to divide the military retirement benefits and to correct an ambiguity in the parties' separation agreement. Second, she claims the trial court erred in overruling a magistrate's finding that she is entitled to a proportional share of Mr. Benfield's cost of living adjustments. Third, she asserts that the trial court erred in not finding Mr. Benfield in contempt for failing to transfer certain real estate to her. Fourth, she contends the trial court erred in not finding Mr. Benfield in contempt for failing to pay her a portion of his retirement benefits.
 {¶ 3} The record reflects that the Benfields divorced in 1989 following a marriage of approximately eighteen years. At the time of the divorce, Mr. Benfield was a major in the United States Air Force with approximately seventeen years of service credit, and he was anticipating a promotion to the rank of lieutenant colonel. A February 1, 1989, final judgment and decree of divorce incorporated a separation agreement that, inter alia, obligated Mr. Benfield to transfer five acres of Colorado land to Ms. Benfield. The separation agreement also included a section addressing Mr. Benfield's future military retirement. Among other things, it granted Ms. Benfield "50% of Husband's retired pay accrued through October 1989." In a subsequent paragraph, the agreement stated that "Husband after his date of retirement shall pay the Wife no less than a sum equal to 50% of his gross retired pay as it exists October 1, 1989." The agreement also provided that Ms. Benfield's share of Mr. Benfield's retirement benefits "shall include all increases Husband may receive in rank, cost of living, merit increases, et cetera for both her SBP Annuity and retirement pay share as of October 1, 1989." The record contains evidence indicating that the parties selected the October 1, 1989, date because Mr. Benfield anticipated receiving his promotion prior to that date, and the parties agreed that Ms. Benfield would share in any increase in rank and pay that he received from the time of the February 1, 1989, divorce decree through October 1, 1989.
 {¶ 4} Mr. Benfield subsequently was promoted to lieutenant colonel prior to October 1, 1989, as expected, and he remained in the military until his retirement on July 1, 2000. Upon Mr. Benfield's retirement, Ms. Benfield sought retirement benefits from the Defense Finance and Accounting Service ("DFAS"), which insisted on receiving a clarifying order that awarded her either a fixed dollar amount or a fixed percentage of Mr. Benfield's military pension as of the date of his retirement. In response, Ms. Benfield filed a motion to modify or clarify the final judgment and decree of divorce to provide DFAS with the required order. Ms. Benfield also moved to have Mr. Benfield held in contempt for failing to transfer the Colorado land to her and for failing to pay her any of his retirement benefits pursuant to the divorce decree and settlement agreement.
 {¶ 5} The matter proceeded to a hearing before a magistrate. In a June 21, 2001, decision and entry, the magistrate resolved a dispute over the meaning of the retirement section of the parties' settlement agreement. In particular, the magistrate rejected Mr. Benfield's argument that the agreement entitled Ms. Benfield to fifty percent of any retirement benefits that accrued as of October 1, 1989, but did not entitle her to share in the benefit of any increases in rank or pay after that date. Instead, the magistrate adopted the coverture fraction method of computation advocated by Ms. Benfield and found her entitled to a proportionate share of any growth in the retirement benefits, even after October 1, 1989. With regard to the contempt issue, the magistrate declined to find Mr. Benfield in contempt for either of the reasons advanced by Ms. Benfield.
 {¶ 6} Both parties subsequently filed objections to the magistrate's decision. In an April 26, 2002, decision and entry, the trial court ruled that the magistrate had erred in finding Ms. Benfield entitled to benefit from any increase in Mr. Benfield's rank or pay after October 1, 1989. The trial court held that the retirement language of the separation agreement "specifically limits wife's portion to 50 percent of the defendant's gross retired pay as it existed on October 1, 1989." On the contempt issue, the trial court found that the parties had been negotiating the possibility of transferring the Colorado real estate to their children. The trial court also found that Mr. Benfield had reasonable cause to question the amount of retirement benefits owed to Ms. Benfield. As a result, the trial court declined to find Mr. Benfield in contempt of court. The trial court later rejected arguments raised by Ms. Benfield in a Civ.R. 60(B) motion and issued a clarifying order to DFAS, setting Ms. Benfield's monthly retirement benefit at $764.73. This timely appeal followed.
 {¶ 7} In her first two assignments of error, Ms. Benfield argues that the trial court should have applied the coverture fraction method of computation,[1]1 which would have entitled her to share in any post-divorce increases in the value of Mr. Benfield's pension and in cost of living adjustments. Having reviewed the record and applicable law, we find Ms. Benfield's argument to be unpersuasive. In Guilmain v. Guilmain
(March 27, 1998), Greene App. No. 97 CA 97, we recognized that divorcing parties are free to agree on something other than the coverture fraction method of dividing a military retirement pension. Moreover, a court may not modify an agreement simply because one party made a poor bargain.Proctor v. Proctor (1997), 122 Ohio App.3d 56, 59.
 {¶ 8} In the present case, the separation agreement stated that Ms. Benfield was entitled to "50% of Husband's retired pay accrued through October 1989." The agreement also stated that "Husband after his date of retirement shall pay the Wife no less than a sum equal to 50% of his gross retired pay as it exists October 1, 1989." Finally, the agreement provided that Ms. Benfield's share of Mr. Benfield's retirement benefits "shall include all increases Husband may receive in rank, cost of living, merit increases, et cetera for both her SBP Annuity and retirement pay share as of October 1, 1989." In our view, the trial court reasonably, and correctly, read the foregoing language as entitling Ms. Benfield to fifty percent of all retirement benefits accrued as of October 1, 1989, and nothing more.[2]2 Cf. Guilmain, supra. Ms. Benfield's interpretation of the foregoing language, as an "expansion" of her right to later-acquired retirement benefits rather than as a "limitation" on her entitlement to benefits, is manifestly unreasonable. Accordingly, we overrule her first two assignments of error.
 {¶ 9} In her third and fourth assignments of error, Ms. Benfield contends the trial court erred in failing to hold Mr. Benfield in contempt of court for not transferring the Colorado property to her and for not paying her any pension benefits after his retirement. Once again, we disagree. A major "purpose of contempt proceedings is to secure the dignity of the courts[.]" Windham Bank v. Tomaszcyzk (1971),27 Ohio St.2d 55, paragraph two of the syllabus. Because "the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the trial judge." Denovchek v. Bd. of Trumball Cty.Comm'rs (1988), 36 Ohio St.3d 14, 16. In the exercise of its discretion, a trial court may decline to make a finding of contempt even when a party has violated a court order. Burke v. Burke (May 14, 1999), Geauga App. No. 98-G-2163; Ryncarz v. Ryncarz (Feb. 13, 1997), Summit App. No. 17856.
 {¶ 10} In the present case, the trial court observed that Ms. Benfield had been engaged in discussions with Mr. Benfield about transferring the Colorado real estate to the parties' children rather than conveying it to her. Although the separation agreement required Mr. Benfield to convey the property to Ms. Benfield, the trial court reasonably denied her contempt motion given the fact that she actively had been discussing an alternative disposition with him. Likewise, we cannot say that the trial court abused its discretion when it declined to find Mr. Benfield in contempt for non-payment of Ms. Benfield's share of his retirement pension. The proper amount of this payment was in question, DFAS had refused to make any payments to Ms. Benfield, and Mr. Benfield appears to have held the money in escrow pending resolution of the dispute. Under these circumstances, the trial court acted reasonably in finding no contempt of court. Accordingly, we overrule Ms. Benfield's third and fourth assignments of error and affirm the judgment of the Montgomery County Common Pleas Court, Domestic Relations Division.
Judgment affirmed.
Wolff, J., and Young, J., concur.
[1] "The coverture fraction takes the total years of marriage divided by the total years of husband's service. Under this method, wife receives half of the coverture fraction multiplied by the value of the pension" at the time of retirement. Cox v. Cox (Feb. 1, 1999), Warren App. Nos. CA98-04-045, CA98-05-054. The result of this method of computation is that the recipient wife obtains a proportionate share of any post-divorce increase in the value of her former husband's pension.
[2] On appeal, Ms. Benfield notes that Mr. Benfield's retirement pension was not vested on October 1, 1989, and that he could not have retired on that date. Although we do not disagree with these observations, they do nothing to demonstrate error in the trial court's analysis. Mr. Benfield's appellate brief demonstrates that it is easy to calculate the portion of his pension that accrued from the commencement of his military career until October 1, 1989, and to award Ms. Benfield half of this amount. Indeed, that is precisely what the trial court ordered.