OPINION
{¶ 1} Defendant-appellant, Attorney John Vogel ("appellant") appeals from a judgment of the Franklin County Court of Common Pleas, which found him guilty of contempt of court and ordered him to serve two days at the Franklin County Correctional Center or, in lieu thereof, pay a fine in the amount of $500. *Page 2 
 {¶ 2} Appellant's contempt finding arose out of his representation of Arnold Cremeans in State v. Cremeans, Franklin County Court of Common Pleas, Case No. 06-CR-4721. According to appellant's brief, the alleged conduct the court found contemptuous concerned the service of subpoenas and inappropriate behavior during trial. (Appellant's brief at 3.) Appellant appealed, and execution of his sentence was stayed.
 {¶ 3} In his appeal, appellant filed a motion concerning payment of a trial
transcript, which this court denied on May 10, 2007, stating:
 Review of appellant's affidavit attached to his May 2, 2007 motion for trial transcript at state expense reveals that appellant's income exceeds 187.5% of the federal poverty level. Accordingly, pursuant to Ohio Admin. Code Section 120-1-03(B)(2), appellant is deemed not indigent. For this reason, appellant's May 2, 2007 motion is hereby denied.
Thereafter, on May 22, 2007, appellant filed a motion in the trial court that was virtually identical to the motion this court denied.
 {¶ 4} On appeal, appellant assigns the following two assignments of error:
 [1] THE TRIAL COURT ERRED IN FINDING THE APPELLANT IN CONTEMPT OF COURT.
 [2] THE APPELLANT HAS BEEN DENIED DUE PROCESS OF LAW BY BEING DENIED A TRANSCRIPT OF THE TRIAL.
 {¶ 5} Appellant raises two assignments of error for our review. In his first assignment of error, he argues that the trial court erred in finding him in contempt because he "did not have the intent to commit an act that was contempt of court." (Appellant's brief at 3.) In his second assignment of error, appellant contends he "has not *Page 3 
been given the opportunity to have a transcript even though he does not have the adequate funds to obtain a transcript of the trial," and, therefore, he has been "denied his rights under the Due Process Clause of the United States Constitution and the Ohio Constitution." Id. at 4. Because these assignments of error are interrelated, we consider them together.
 {¶ 6} "Contempt of court is defined as disobedience of an order of a court." Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, at paragraph one of the syllabus. Contempt of court "is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Id. "The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice." Id. at paragraph two of the syllabus; see, also,Denovchek v. Bd. of Trumbull Cty. Commrs. (1988), 36 Ohio St.3d 14, 15.
 {¶ 7} It is axiomatic that a transcript of the proceedings before the trial court is necessary for a thorough review of appellant's contentions. Subsequent to this court's judgment entry of May 10, 2007, which denied appellant's request that a transcript be supplied at the state's expense, appellant was aware that a transcript was necessary. Yet, the record on appeal remains void of a transcript. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Accordingly, we must presume *Page 4 
the regularity of the proceedings below and affirm the trial court's decision. Edwards v. Cardwell, Franklin App. No. 05AP-430,2005-Ohio-6758, ¶ 4-6.
 {¶ 8} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 SADLER, P.J., and BRYANT, J., concur. *Page 1