[Cite as *Heekin v. Silver Rule Masonry*, 2011-Ohio-2775.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| HAROLD HEEKIN, | : | APPEAL NO. C-100585 |
| Plaintiff-Appellee, | : | TRIAL NO. A-0900510 |
| vs. | : | |
| | | *D E C I S I O N.* |
| SILVER RULE MASONRY, INC., | : | |
| JOHN DOE, | : | |
| JOHN DOE II, | : | |
| and | : | |
| RUBEN MEDINA, | : | |
| Defendants, | : | |
| vs. | : | |
| | : | |
| FCA CONSTRUCTION COMPANY, LLC, | : | |
| Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 10, 2011

*Porter, Wright, Morris & Arthur, LLP*, and *Kyle Shaw*, for Appellant,

*Robbins, Kelly, Patterson & Tucker* and *Daniel J. Temming*, for Plaintiff-Appellee.

**Please note: This case has been removed from the accelerated calendar.**

**FISCHER, Judge**.

{¶1}   FCA Construction Company, LLC, ("FCA") appeals a $2,000 contempt sanction imposed by the trial court for FCA's failure to comply with a subpoena duces tucem.  Because we determine that the evidence in the record did not support a finding of contempt and that the trial court did not follow the required procedures in imposing the contempt sanction, we must reverse.

### Factual Background and Procedural History

{¶2}   This appeal arises out of a personal injury lawsuit filed by plaintiff-appellee Harold Heekin in January 2009.  Heekin sued multiple defendants in the Hamilton County Court of Common Pleas claiming that he sustained injuries while working on the construction site of a fitness center.  FCA, the general contractor for the construction project, was not named as a defendant by Heekin.

{¶3}   Heekin requested that FCA voluntarily produce any accident reports related to his injury and that FCA voluntarily produce its former employee, Jeremy Kennison, for deposition because Kennison had examined Heekin after the alleged injury.  Kennison's deposition occurred in June 2009.  During the deposition, Kennison stated that multiple incident reports related to Heekin were completed and that the reports would then have been submitted to FCA's safety director in Minnesota.

{¶4}   FCA informed Heekin that it could not locate any accident reports related to his injury.  Nevertheless, Heekin then served FCA with a subpoena on November 17, 2009, requesting that FCA's records custodian appear for deposition and that FCA produce copies of all accident reports for the construction project, as well as the sign-in sheets and other documents related to meetings conducted for the

construction project. According to Heekin, FCA did not provide its records custodian for the noticed deposition and did not provide the requested documents, even after further demand by Heekin. As a result, on February 26, 2010, Heekin filed a motion to compel FCA to comply with the subpoena.

{¶5} FCA responded to the motion to compel and also moved to quash the deposition of the records custodian. In response to Heekin's request for documents, FCA reiterated that it did not possess any accident report relating to Heekin. FCA further argued that the request was otherwise overly broad, unduly burdensome, and required the production of privileged and irrelevant documents.

{¶6} The trial court held a hearing on March 25, 2010, on Heekin's motion to compel and FCA's motion to quash. FCA's counsel stated that FCA had searched for the accident reports related to Heekin, but those reports could not be found. The trial court told FCA's counsel to "[t]ell your client that if they don't find the incident reports, it's likely that they're going to have to dig through and find the 20 to 30 sign-in sheets * * *."[1] No mention was made of holding FCA in contempt. The trial court then entered an order requiring FCA to produce the accident reports related to Heekin by April 27, 2010.

{¶7} On June 15, 2010, Heekin filed a motion for contempt against FCA pursuant to Civ.R. 45(E), requesting that the trial court impose sanctions for FCA's failure to produce the documents by April 27. Specifically, Heekin requested that the trial court impose a daily fine upon FCA until the documents were produced. In response, FCA stated that it had been diligent in searching for accident reports related to Heekin but still could not find any. FCA attached an affidavit of one of its

---

[1] T.p. Vol. 1 at 16.

employees averring that three separate searches were conducted for accident reports related to Heekin. FCA further claimed that its counsel had offered to produce other documents related to the construction project meetings, such as the requested sign-in sheets, and that FCA had offered to produce its entire file for the construction project at Heekin's expense or to allow Heekin to inspect and copy the file in Minnesota.

{¶8} The trial court held a hearing on Heekin's motion for sanctions on July 6, 2010. After hearing the arguments of counsel, the trial court stated that it found that FCA had been "[f]airly diligent in looking for something that can't be found. But they didn't keep very good records and they should have kept better records. And that is to the detriment of the plaintiff that they couldn't keep good records or proper records."[2] As a result, the trial court decided to impose a $2,000 sanction on FCA, from which FCA now appeals.

{¶9} FCA raises a single assignment of error, arguing that the trial court abused its discretion in imposing the sanction against FCA, a non-party, for failing to produce a document that it did not possess and which may no longer exist. Specifically, FCA argues that it adequately demonstrated that strict compliance with the subpoena and subsequent court order to produce the accident reports was impossible and, therefore, it established an affirmative defense to any contempt charge.

---

[2] T.p. Vol. 2 at 12.

{¶10} We review a trial court's contempt sanction under an abuse-of-discretion standard.[3] Therefore, we will not reverse the trial court's decision unless the decision was arbitrary, unreasonable or unconscionable.[4]

{¶11} Civ.R. 45(E) provides that "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Moreover, R.C. 2705.02 provides, in part, that a person who defies a court order or fails to obey a duly-served subpoena may be punished for contempt. Contempt of court has been defined generally as disobedience of a court order.[5]

{¶12} Contempt may be further defined as either direct contempt or indirect contempt. Direct contempt occurs in the presence of the court and obstructs the administration of justice.[6] Indirect contempt involves conduct that occurs outside the presence of the court and displays a lack of respect for the court or its orders.[7] FCA's failure to produce the accident reports occurred outside the presence of the court and, therefore, could only constitute indirect contempt.

{¶13} Contempt proceedings are characterized as either civil or criminal. In a civil contempt proceeding, the sanctions imposed by the court either serve to coerce compliance with a court order or to compensate a party damaged by

---

[3] *Mitchells Salon & Day Spa, Inc. v. Bustle*, 187 Ohio App.3d 336, 2010-Ohio-1880, 931 N.E.2d 1172, ¶23.
[4] *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
[5] *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 271 N.E.2d 815, paragraph one of the syllabus.
[6] *In re Thomas*, 1st Dist. No. C-030429, 2004-Ohio-373, at ¶4, citing R.C. 2705.01.
[7] Id.

noncompliance with a court order.[8]  With regard to civil contempt, any sanction imposed must allow the contemnor to purge the contempt.[9]

{¶14}  By contrast, in criminal contempt proceedings, sanctions are meant to punish past acts of disobedience and defend the authority of the court.[10]  In indirect criminal contempt cases, the alleged contemnor must be afforded constitutional protections required in criminal proceedings.[11]  For instance, contempt must be proven beyond a reasonable doubt.[12]  Also, the alleged contemnor must have adequate notice of the contempt charge given sufficiently in advance of the proceedings, and the charge must allege the misconduct with particularity.[13]

{¶15}  In the case at bar, we hold that the evidence in the record did not support a finding of contempt, and therefore the trial court acted unreasonably in imposing monetary sanctions.  Although the trial court never explicitly found FCA in contempt, we assume such a finding was made based upon Heekin's motion for sanctions under Civ.R. 45(E) and the trial court's subsequent award of sanctions to Heekin.  Impossibility of performance is an affirmative defense to contempt.[14]  The trial court found that FCA had diligently searched for, but could not find, the subpoenaed documents.  Thus, based upon the record below, FCA showed that compliance with the subpoena was not possible.

{¶16}  Moreover, regardless of whether the contempt in the case at bar is characterized as civil or criminal, the trial court further failed to follow the required

---

[8] Id. at ¶5.

[9] *State v. Kilbane* (1980), 61 Ohio St.2d 201, 206-207, 400 N.E.2d 386, see also, *Bank One Trust Co., N.A. v. Scherer*, 176 Ohio App.3d 694, 2008-Ohio-2952, 893 N.E.2d 542, ¶19.

[10] *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 555, 2001-Ohio-15, 740 N.E.2d 265.

[11] *Thomas*, supra, at fn. 6, ¶5.

[12] *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 251, 416 N.E.2d 610.

[13] *In re Estate of Carrier*, 1st Dist. No. C-030249, 2003-Ohio-6919, at ¶18.

[14] *Courtney v. Courtney* (1988), 16 Ohio App.3d 329, 334, 475 N.E.2d 1284.

procedures for holding FCA in contempt. The court imposed compensatory sanctions. The trial court stated that it imposed the $2,000 sanction because FCA's poor recordkeeping caused harm to Heekin. Therefore, the sanction imposed by the trial court would appear to be civil in nature. But the trial court did not give FCA an opportunity to purge the contempt, which the court must do in civil contempt proceedings. This is most certainly because the trial court noted that FCA had diligently searched for the accident reports and could not find them. Therefore, giving FCA the opportunity to purge the contempt by producing documents, which FCA could not find, would have been, logically, a futile act.

{¶17} The trial court's sanction was also punitive in nature, which would suggest that the trial court found FCA in criminal contempt. The trial court, however, did not follow the required procedures for an indirect criminal contempt proceeding, such as making the necessary finding that the elements of the contempt offense were proven beyond a reasonable doubt.

{¶18} In sum, we hold that the trial court abused its discretion in sanctioning FCA. FCA's assignment of error is sustained. The trial court's judgment is reversed, and this cause is remanded to the trial court for proceedings consistent with this decision.

Judgment reversed and cause remanded.

HILDEBRANDT, P.J. and CUNNINGHAM, J., concur.

Please Note:
The court has recorded its own entry on the date of the release of this opinion.