[Cite as *Dudley v. Dudley*, 2013-Ohio-859.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


THOMAS M. DUDLEY, et al., :

    Plaintiff-Appellee, : CASE NO. CA2012-04-074

: O P I N I O N
  - vs - 3/11/2013

:

TERRY DUDLEY, et al., :

    Defendants-Appellants. :


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2006-12-4689


David T. Davidson, Timothy A. Garry, Jr., 127 North Second Street, P.O. Box 567, Hamilton, Ohio 45011, for plaintiffs-appellees, Thomas M. Dudley, Trustee, and Diane Dudley

Andrew B. Crane, 699 Glencrest Lane, Loveland, Ohio 45140, for defendants-appellants, Terry Dudley, Trustee, and Katherine Dudley,

Jay C. Bennett, Thomas H. Pyper, Oxford Professional Bldg., 5955 Fairfield Road, Suite 5, Oxford, Ohio 45056, for plaintiff/third party, Oxford Real Estate

Sams Fischer Packard & Schuessler LLC, Jonathan D. Sams, Theresa N. Ruck, 8738 Union Centre Blvd., West Chester, Ohio 45069, for Receiver


    **PIPER, J.**

    {¶ 1} Defendant-appellant, Terry Dudley, appeals a decision of the Butler County Court of Common Pleas, imposing contempt sanctions against him.

{¶ 2} This matter has been before this court on multiple occasions. While the procedural posture is extensive, we will limit our recitation of the facts to only those that prove useful in analyzing the issues as presented in this appeal.

{¶ 3} Terry and plaintiff-appellee, Thomas Dudley, are brothers who were co-owners of two companies that built, owned, and rented residential properties to college students. At some point, the brothers had a disagreement that eventually led to legal action, with each brother requesting a judicial dissolution of their companies. The trial court appointed a receiver to oversee the dissolution. On November 17, 2008, the trial court ordered Terry to pay the receiver $496,427.61 that Terry received from the sale of two houses he built as part of his partnership with Thomas. However, the order did not reflect the setoffs due Terry for labor and materials, which were to be determined by the receiver at a later date.

{¶ 4} On April 23, 2009, the trial court found Terry in contempt for failing to comply with its November 17, 2008 order. The trial court ordered Terry to pay the receiver $496,427.61 by May 1, 2009. The trial court further ordered that if Terry failed to pay the receiver by May 1, 2009, he would incur sanctions of $100 per day for the first 30 days and $200 per day after that for each day he failed to abide by the court's order. The trial court permitted Terry to submit evidence to the receiver of any setoff or credit that he claimed was due him, and ordered the receiver to determine the amount of any setoff owed to Terry.

{¶ 5} On November 10, 2009, the trial court considered the setoffs that Terry was owed and determined that Terry was obligated to pay the receiver $151,367, rather than $496,427.61, for the proceeds from the sale of the two houses. The trial court ordered Terry to pay $151,367 within two weeks, and stated that if he failed to do so, the sanction would be $100 per day for the first 30 days and $200 per day thereafter.

{¶ 6} On May 7, 2010, the trial court found Terry in contempt for his failure to comply with the November 10, 2009 order, and ordered him to pay the receiver $151,367 by May 14,

2010. The trial court further ordered that if Terry failed to pay the receiver by May 14, 2010, Terry would be sentenced to 30 days in jail. On May 14, 2010, Terry moved for a stay of the trial court's May 7, 2010 order, and further requested that any supersedeas bond requirement be limited to $138,007, which Terry claimed represented the amount owed the receiver after crediting him with an additional setoff. On May 25, 2010, the trial court held a hearing on Terry's motion for a stay, and agreed to stay the proceedings on the condition that Terry pay a $201,000 supersedeas bond, which Terry paid in order to avoid jail time.

{¶ 7} Terry then filed an appeal of the trial court's order. During the pendency of the appeal, the parties filed a joint motion to dismiss the case pursuant to Civ.R. 41. Although the trial court ordered that the case be dismissed and the receivership dissolved, the court specifically reserved the contempt sanctions imposed on Terry.

{¶ 8} This court ultimately dismissed Terry's appeal for lack of a final appealable order after finding that the issue was not ripe for review because the trial court had not actually imposed a jail sentence on Terry, but, instead, merely stated that a 30-day jail sentence would be imposed on Terry if he failed to pay the receiver $151,367 by May 14, 2010. *Dudley v. Dudley*, 12th Dist. No. CA2010-05-114, 2012-Ohio-225.

{¶ 9} Once this court dismissed Terry's appeal, the trial court filed an entry imposing contempt sanctions on Terry. The entry indicates that Terry was ordered to pay the receiver $151,367 by May 14, 2010 and that he failed to do so. The trial court then noted that it had imposed the outstanding 30-day jail sentence, and that Terry posted a supersedeas property bond in order to avoid serving jail time. Terry then began the appellate process anew by appealing to this court the trial court's finding of contempt and imposition of sanctions.

{¶ 10} After the dismissal of Terry's appeal in 2012, this court subsequently revisited and overruled its decision in *Dudley*, finding instead that a contempt issue is a final appealable order despite the ability to purge so long as the court has imposed a penalty or

sanction. *Hetterick v. Hetterick*, 12th Dist. No. CA2012-02-002, 2013-Ohio-15. There is no doubt that the trial court both found Terry in contempt and imposed a penalty so as to render this matter a final appealable order. Therefore, we will address Terry's single assignment of error.

{¶ 11} THE TRIAL COURT ERRED IN FINDING TERRY DUDLEY IN CONTEMPT AND IN ORDERING SANCTIONS.

{¶ 12} Terry argues that the trial court erred by finding him in contempt and ordering him to serve 30 days in jail. In so doing, Terry raises four arguments: (1) the contempt was rendered moot by dismissal of the suit; (2) the contempt was void because it was impossible for him to comply; (3) the 2009 contempt order was unclear, indefinite, and unreasonable and therefore unenforceable; and (4) the 2012 entry did not dictate a final amount Terry was required to pay in order to purge the contempt.

{¶ 13} Contempt of court is defined as "disobedience of an order of a court * * * which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Sparks v. Sparks,* 12th Dist. No. CA2010-10-096, 2011-Ohio-5746, ¶ 11, quoting *Windham Bank v. Tomaszczyk,* 27 Ohio St.2d 55, paragraph one of the syllabus (1971). To support a contempt finding, the moving party must establish by clear and convincing evidence that a valid court order exists, that the offending party had knowledge of the order, and that the offending party violated such order. *Ossai-Charles v. Charles,* 12th Dist. Nos. CA2010-12-129, CA2011-01-007, 2011-Ohio-3766, ¶ 30.

{¶ 14} Terry was found to be in civil contempt for his failure to pay the receiver as ordered. "The distinction between civil and criminal contempt depends upon the character and purpose of the sanctions imposed." *Mackowiak v. Mackowiak,* 12th Dist. No. CA2010-04-009, 2011-Ohio-3013, ¶ 38. Where the sanctions imposed are primarily for reasons

benefiting the complainant and are remedial and coercive in nature, the contempt is civil in nature. *Id.* at ¶ 39. "Prison sentences imposed as punishment for civil contempt are conditional, and the contemnor is said to carry the keys of his prison in his own pocket due to the fact that his compliance with the court order secures his freedom." *Whittington v. Whittington,* 12th Dist. No. CA2011-06-065, 2012-Ohio-1682, ¶ 23.

{¶ 15} A trial court's finding of civil contempt will not be disturbed on appeal absent an abuse of discretion. *Mackowiak* at ¶ 45. An abuse of discretion constitutes more than an error of law or judgment; it requires a finding that the trial court acted unreasonably, arbitrarily, or unconscionably. *Miller v. Miller,* 12th Dist. No. CA2001-06-138, 2002-Ohio-3870, ¶ 8.

{¶ 16} After reviewing the record, we conclude that the trial court did not abuse its discretion in finding Terry in contempt and ordering sanctions because there is clear and convincing evidence that a valid court order existed, that Terry had knowledge of the order, and that Terry violated such order by not paying. Each of Terry's arguments as to why the contempt finding was an abuse of discretion are invalid.

{¶ 17} Regarding Terry's argument that the contempt was rendered moot by dismissal of the suit, the trial court specifically stated in its order terminating the receivership that "dismissal of this action specially does NOT dismiss or impact or terminate the Contempt Order that is the subject of a pending appeal with the Court of Appeals * * * and all penalties and fines remain in full force." (Emphasis in original.) Moreover, the trial court's 2012 entry imposing contempt sanctions expressly noted that it had "specifically reserved the contempt sanctions imposed on Terry Dudley." Therefore, it is clear that the contempt issue survived the dismissal and continued to be litigated after the underlying suit was dismissed.

{¶ 18} Next, Terry argues that the contempt is void because it is impossible for him to comply. Impossibility of performance is generally a valid affirmative defense to a contempt

charge. *Bean v. Bean*, 14 Ohio App.3d 358, 363 (12th Dist.1983); *see also Gauthier v. Gauthier*, 12th Dist. No. CA2011-05-048, 2012-Ohio-3046, ¶ 33. However, Terry did not prove that it is impossible for him to comply with the court order.

{¶ 19} The only indication in the record that Terry was unable to comply with the court order is an affidavit Terry attached to his January 2010 memorandum opposing Thomas' contempt motion. In his affidavit, Terry averred that his bank would not loan him money. However, there is no indication in the record as to why the bank denied his request, or whether the bank had offered any other terms or alternate options. Instead, all Terry averred was that "I approached my bank, Bath State Bank, for a loan for [$151,367], but the loan was denied." Nor does the record contain any indication that Terry tried any other means of procuring the money necessary to purge his contempt.

{¶ 20} The record does, however, indicate that Terry owns property that is free of any encumbrances, which is valued at more than the amount Terry owes to purge his contempt. In the same affidavit in which Terry reported his inability to purge the contempt because his bank had denied his loan request, Terry stated that the property he owns free and clear was for sale for $449,000. Despite Terry having been denied one loan, the record does not contain evidence that it is impossible for Terry to comply with the court orders.

{¶ 21} Terry also argues that the 2009 contempt order was unclear, indefinite, and unreasonable and therefore unenforceable. Within its 2009 entry, the trial court considered the various setoffs and credits to which Terry was entitled that reduced the original order to pay $496,427.61. After crediting Terry, the trial court revised the amount and ordered Terry to pay $151,367 within 14 days, and set forth the sanction for failing to pay the $151,367. The trial court's order did not lack clarity, it was not indefinite, and was not unreasonable. The record indicates that Terry was well-aware of the amount he owed, as his affidavit stated, "I am aware of the court's order requiring me to turn over $151,367.00 to the receiver

by November 24, 2009," and that he had requested a loan from his bank "in this amount." Had the order been unclear, there is little doubt that Terry would have known what exact amount he was required to turn over. At all times, the record is clear that the trial court's order was that Terry pay $151,367, and Terry's failure to do so was contemptuous.

{¶ 22} Lastly, Terry argues that the 2012 entry did not dictate a final amount Terry was required to pay in order to purge the contempt. However, the trial court's 2012 entry imposing contempt sanctions specifically made reference to a hearing held on May 25, 2010, wherein the trial court found that Terry failed to comply with the court's payment order. The trial court's entry regarding the May 25, 2010 hearing clearly indicated that Terry failed to pay $151,367. At all times, the amount Terry was required to pay in order to purge the contempt has been $151,367. The trial court's entries are clear and consistent, and Terry was well-aware of the amount he was required to pay.

{¶ 23} Having found that the trial court did not abuse its discretion in finding Terry in contempt and ordering sanctions, Terry's assignment of error is overruled.

{¶ 24} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.