[Cite as *Burge v. Burge*, 2016-Ohio-4658.]

STATE OF OHIO, CARROLL COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

KIMBERLY S. BURGE )  CASE NO. 15 CA 0905
)
    PLAINTIFF-APPELLANT )
)
VS. )  OPINION
)
DAVID E. BURGE )
)
    DEFENDANT-APPELLEE )

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common
Pleas, Domestic Relations Division, of
Carroll County, Ohio
Case No. 2004 DRA 23809

JUDGMENT:        Affirmed in part. Remanded.

APPEARANCES:

For Plaintiff-Appellant:        Atty. Beverly Proctor-Donald
401 Tuscarawas Street
Suite 500
Canton, Ohio 44702

For Defendant-Appellee:        Atty. Douglas C. Bond
Morello & Bond, LTD.
700 Courtyard Centre
116 Cleveland Avenue, N.W.
Canton, Ohio 44702

JUDGES:

Hon. Cheryl L. Waite
Hon. Mary DeGenaro
Hon. Carol Ann Robb

Dated: June 24, 2016

WAITE, J.

{¶1} This is an appeal of the denial of a motion for contempt in a divorce action regarding the payment of uninsured medical bills for the parties' minor child. Appellant Kimberly S. Burge is the child's residential parent. Appellee David E. Burge was required to obtain group health coverage or share the costs of health care for the child pursuant to his child support order. Approximately eight years after the divorce became final, their daughter--who was still a minor-- became pregnant. After the baby was born, Appellant filed a contempt motion in order to compel Appellee to pay half of the uninsured medical bills related to the pregnancy. The trial court found that Appellant intentionally withheld information about the pregnancy from Appellee. Thus, the court determined that Appellee was not in contempt for violating the health care provision of the child support order. However, as Appellant also sought payment of the medical expenses and this issue was not decided by the trial court, the matter is remanded on this issue.

Case History

{¶2} The parties obtained a decree of divorce on May 4, 2004 in the Carroll County Court of Common Pleas. The parties had one child, K.M.B., born on 4/19/96. In the divorce, the matter of child support was held in abeyance until Appellee was released from prison. The issue was left to the future determination of the Carroll County Child Support Enforcement Agency ("CCCSEA"). On December 21, 2004, CCCSEA filed an order, part of which required Appellee to obtain health insurance for the minor child if such insurance was available at a reasonable cost through a group insurance plan offered by Appellee's employer or other group insurance plan

available to Appellee. The order further stated that "when no health insurance is available to obligor or obligee, [the parents] share the cost of the liability of the health care needs of the child(ren)." (12/21/04 Order, p. 3, line 10.)

{¶3} On Thanksgiving night in November 2012, the child informed Appellant that she was going to have a baby and that she had been pregnant for a few weeks. The record reflects that Appellant and the child took steps to actively keep Appellee from learning of the pregnancy. Appellant had health care coverage through her employer, but maternity expenses for dependent children were not covered by her health plan. Appellant did not inform Appellee of this limitation of her health plan when she learned of the pregnancy.

{¶4} Appellant's obstetrician refused to schedule the child for an appointment unless a payment of $2,700 was made. Appellant did not immediately inform Appellee of this situation. Appellant applied for Medicaid but the application was rejected due to her income. Appellant did not immediately inform Appellee of the rejected Medicaid application. Appellant decided to send the child to the Stark County Health Department for prenatal care. Appellant paid for these visits with her own funds. Once again, Appellant did not immediately inform Appellee of these events, nor did she ask for his help in paying for the treatment or seek his assistance in finding more cost effective treatment.

{¶5} Appellant also incurred substantial medical expenses from the Cleveland Clinic and Aultman Hospital during and after the baby's birth that were not covered under her insurance plan. Appellant signed as guarantor to pay these

expenses. Appellant did not have any conversations with Appellee about these expenses until after the baby was born, which was in August of 2013. K.M.B. was still a minor when she delivered the baby. There were medical complications during the pregnancy and according to Appellant, the out-of-pocket medical expenses totaled more than $16,000.

{¶6} In January of 2013, Appellant asked Appellee if he could secure insurance through the State of Ohio Buckeye Card for their daughter. She did not tell Appellee of the pregnancy or let him know the child was incurring unusual medical expenses at that time. After checking with the administrator of the program, Appellee told Appellant that he could obtain coverage if the child resided with him and he had legal custody of the child. Appellant rejected this as an option, although the record reflects that Appellant later allowed K.M.B. and the new grandchild to live with Appellee from November 2013 through February 2014.

{¶7} Appellant filed a Motion to Show Cause on March 11, 2014, in order to compel Appellee to contribute to the payment of the uninsured medical expenses related to their daughter's pregnancy. A hearing on the motion was held on March 3, 2015. Appellant and Appellee, who were both represented by counsel, testified at the hearing. Based on the extensive testimony presented, and on the exhibits admitted by the parties, the court found that Appellant intentionally withheld knowledge of the child's pregnancy from Appellee until June of 2013, that she rejected Appellee's possible solution to obtain health insurance for the child, and that Appellant concealed pertinent health care-related facts from Appellee. The court

determined that Appellee was entitled to know in a timely manner that his daughter was pregnant, that the pregnancy was not covered by insurance, and that her pregnancy was considered to be "at risk" with complications. The court concluded that due to lack of information, Appellee had not been able to make or contribute to informed, voluntary and knowledgeable decisions about the health care coverage of the child. As such, Appellee had not willfully violated the health care provisions of the child support order. The court found that Appellee was not in contempt and overruled the show cause motion. This timely appeal followed.

<u>ASSIGNMENT OF ERROR</u>

THE TRIAL COURT ERRED, AGAINST THE WEIGHT OF THE EVIDENCE, IN FAILING TO FIND DEFENDANT/APPELLEE IN CONTEMPT FOR NON-COMPLIANCE WITH THE ORDER TO SHARE THE COST OF LIABILITY FOR HEALTH CARE NEEDS OF THE CHILD WHEN NO HEALTH INSURANCE IS AVAILABLE TO OBLIGOR OR OBLIGEE.

**{¶8}** Appellant presents a single assignment of error, arguing that the trial court's decision not to find Appellee in contempt of court was against the weight of the evidence and was an abuse of discretion. The motion for contempt in this case was filed to enforce a provision in the child support order directing Appellant to either provide reasonable health insurance for the child or share the cost of the liability of the health care needs of the child. The trial court found that Appellant was not in contempt for violation of this provision of the child support order. A trial court's

decision in a contempt proceeding will not be reversed absent an abuse of discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981). Abuse of discretion connotes more than an error of law or judgment; it implies the trial court's attitude was unreasonable, arbitrary or, unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

**{¶9}** The trial court is in the best position to judge the credibility of testimony because it can observe the witness's gestures and voice inflections. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). A reviewing court will not reverse the trial court's factual findings that are supported by some competent, credible evidence. *C.E. Morris Constr. Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).

**{¶10}** The Ohio Supreme Court has defined "contempt of court" as "disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus. Appellant argues that in order for a court to find contempt, only three factors are required to be proven: the existence of a valid court order; knowledge of the order by the alleged contemnor; and failure to comply with the order. *Wiedemann v. Wiedemann*, 10th Dist. No. 13AP-491, 2014-

Ohio-1462. While these three factors must exist before a court can make a finding of contempt, the mere presence of these factors does not require a finding of contempt, particularly when defenses are raised, as in the instant case. Although Appellant contends that Appellee neither raised nor proved an affirmative defense, it is clear from both the trial court's judgment entry and Appellee's arguments at the contempt hearing that Appellant's decision to withhold vital information about the pregnancy and the child's health care needs was offered as Appellee's defense. We categorize this defense as a variant of the "unclean hands" doctrine.

{¶11} The unclean hands doctrine generally provides that a court will deny a judicial remedy where the party seeking it has acted in bad faith by his or her prior conduct. *Marinaro v. Major Indoor Soccer League*, 81 Ohio App.3d 42, 610 N.E.2d 450 (1991). This doctrine provides an equitable defense. *Crick v. Starr*, 7th Dist. No. 08 MA 173, 2009-Ohio-6754, ¶ 38. It has been applied in contempt of court proceedings arising from domestic relations cases. *Trott v. Trott*, 10th Dist. No. 01AP-852, 2002-Ohio-1077; *Safranek v. Safranek*, 8th Dist. No. 80413, 2002-Ohio-5066. This is because a domestic relations court has full equitable powers and jurisdiction pursuant to R.C. 3105.011.

{¶12} The record indicates a variety of instances of bad faith on Appellant's part. She failed to tell Appellee about the pregnancy on numerous occasions. She asked Appellee to obtain special health coverage for the child without explaining the circumstances behind the request. During the pregnancy, she rejected Appellee's possible solution to the health insurance problem, i.e., that K.M.B. begin residing with

him and that he would become K.M.B.'s legal guardian. We do note that shortly after the birth of the baby, Appellant did allow K.M.B. and the new grandchild to reside with Appellee. She did not timely inform Appellee of the bills she was incurring during the pregnancy, or that K.M.B.'s pregnancy was not covered by her insurance, or that there were complications with the pregnancy that resulted in greater medical expenses. Appellant expected Appellee to comply with the court order without giving him full information about the medical issue or issues that would trigger this provision in the order. This appears to be the fundamental basis for the trial court's decision, and the record amply supports the trial court's findings and conclusions on this issue.

{¶13} Appellant appears to believe that the trial court did not find Appellee in contempt because he was unaware of the health insurance requirement of the child support order. Appellant's contention is not supported by the record. The trial court did not find that Appellee was unaware of the medical care aspect of the child support order. In fact, Appellee's actions in attempting to obtain insurance through the Ohio Buckeye Card demonstrates that he was aware that if he could obtain reasonable health care coverage, he was required to make an effort to obtain that coverage. As previously pointed out, though, the fact that he was aware of the requirements does not mean the court must hold him in contempt if he had a valid defense for non-compliance.

{¶14} While the trial court was well within its discretion in deciding that Appellee should not be held in contempt for his actions, nevertheless the trial court judgment is incomplete. Although Appellee's actions in failing to abide by the health

care provision of the support order did not rise to the level of contempt, he remains obligated to share the cost of the liability of the health care needs of his minor child. The fact that he was not in contempt does not change the health care order. It is apparent in the contempt decision that the trial court did not accept Appellant's contention that Appellee was liable for one-half of the bills and expenses presented at trial. The question remains, though, as to Appellee's reasonable share of the uninsured health care costs. Because in Appellant's motion she sought payment pursuant to the health care order and the trial court was silent as to the extent of Appellee's obligations based on the facts of this case, the matter must be remanded. It is clear that, pursuant to the health care order, Appellee remains obligated to pay some portion of his child's reasonable and necessary medical bills. Failure to promptly explain the necessity for these costs does not mean that no portion of these bills were necessary and unavoidable. The trial court never determined what portion of the expenses submitted at trial were reasonable and necessary, nor decide Appellee's share of this liability. Because we must remand this case for further action by the trial court, Appellant's assignment of error is sustained in part.

## Conclusion

{¶15} The record shows that Appellant actively withheld information from Appellee that would have been useful to him in trying to obtain health insurance for his child or in his attempts to mitigate the child's health care costs. Based on this, the trial court's conclusion that Appellee was not in contempt of a court order was not unreasonable, arbitrary or unconscionable. Nonetheless, the trial court's judgment

did not address and quantify Appellee's share of his child's health care costs pursuant to the health care order. Appellant's assignment of error has merit in part. We affirm the trial court's decision that Appellee was not in contempt, but remand the case for the trial court to determine Appellee's reasonable share of the uninsured health care costs related to the minor child's pregnancy.

DeGenaro, J., concurs.

Robb, J., concurs.