**The STATE of Ohio**

v.

**OHM**

Akron Municipal Court,
Summit County, Ohio.

No. 99 CRB 1410.

Decided May 30, 2000.

</div>

*Elisa Head,* Assistant City Prosecutor, for the state.

*Larry Whitney,* for defendant.

---

ELINORE MARSH STORMER, Judge.

This case came before the court on defendant's motion to dismiss. On March 10, 2000, this motion was orally denied, and a trial was held.

On November 15, 1999, the prosecuting witness, defendant's ex-wife Debra Cork, exited a parking deck in Akron. Defendant pulled his car in front of her car and blocked her. An altercation ensued. Cork filed a petition in the domestic relations court for a civil protection order, which was granted on December 8, 1999. Cork also filed a complaint alleging domestic violence menacing. A summons was issued, charging defendant under R.C. 2919.25(C).

Defendant's motion to dismiss alleges that the prosecution of the domestic violence menacing charge while he is under a civil protection order violates his rights under the Double Jeopardy Clauses of both the United States and Ohio Constitutions. Defendant argues that being controlled by a domestic relations court civil protection order and being charged with a crime constitute multiple punishment for the same wrongful act.

I. *The statutes at issue in this case*

In the present case, defendant received a civil protection order from the Summit County Domestic Relations Court. To date, defendant has fully com-

plied with this order, a violation of which is punishable under R.C. 3113.31(L). That subsection provides:

"(1) A person who violates a protection order * * * is subject to the following sanctions:

"(a) Criminal prosecution for a violation of section 2919.27 of the Revised Code, if the violation of the protection order * * * constitutes a violation of that section;

"(b) Punishment for contempt of court * * *."

R.C. 3113.31(L)(2) further provides that, in the event that there is a violation of a civil protection order, a person may also be charged under R.C. 2919.27, stating:

"The punishment of a person for contempt of court for violation of a protection order * * * does not bar criminal prosecution of the person for a violation of section 2919.27 of Revised Code. However, a person punished for contempt of court is entitled to credit for the punishment imposed upon conviction of a violation of that section * * *." R.C. 3113.31(L)(2).

R.C. 2919.27(A)(1) provides that "[n]o person shall recklessly violate the terms of * * * [a] protection order issued * * * pursuant to [R.C.] 3113.31."

In this case, defendant has not been charged under R.C. 2919.27 for a violation of the civil protection order. Rather, he is charged with domestic violence menacing under R.C. 2919.25(C). This section provides:

"No person, by threat of force, shall knowingly cause a family or household member to believe that the offender will cause imminent physical harm to the family or household member."

If a defendant is found guilty of this section, he has committed a misdemeanor of the fourth degree. See R.C. 2919.25(D).

II. *Double jeopardy*

The Fifth Amendment to the Constitution provides that "[no] person * * * [shall] be subject for the same offence to be twice put in jeopardy of life or limb." The Fifth Amendment applies to the states via the Fourteenth Amendment to the Constitution. In addition, under Section 10, Article I of the Ohio Constitution, "No person shall be twice put in jeopardy for the same offense." The Fifth Amendment guarantee against double jeopardy has been interpreted to consist of three distinct protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. 29 Ohio Jurisprudence 3d (1994), Criminal Law, Section 3024.

The issue in this case concerns the double jeopardy guarantee against being punished more than once for one wrongful act. In *Blockburger v. United States*

(1932) 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306, the Supreme Court developed a test to determine when the same act may produce separate punishments. The "test to be applied * * * is whether each provision requires proof of an additional fact which the other does not." *Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309. This test is used to determine whether the legislature, by separate statute, intended to punish cumulatively.

In Ohio, in *State v. Vanselow* (1991), 61 Ohio Misc.2d 1, 572 N.E.2d 269, the court discussed the issue of double jeopardy in the context of a domestic violence charge. In *Vanselow,* the municipal court considered the two potential punishments for violating one protection order issued pursuant to separate statutes. Defendant Vanselow received two charges: the first under R.C. 3113.31 in the domestic relations court, and the second under R.C. 2919.27 in the municipal court. The domestic relations court found defendant guilty of contempt under R.C. 3113.31 and sentenced him to thirty days in jail, suspended on certain conditions. The defendant then filed a motion to dismiss the pending protection order charge in the municipal court, arguing that the second charge violated the double jeopardy prohibitions.

The municipal court granted the defendant's motion and dismissed the criminal case, holding that punishing a defendant for violating one protection order under two sections of Ohio Revised Code violated defendant's double jeopardy rights. *Id.,* 61 Ohio Misc.2d at 9, 572 N.E.2d at 275. Although the court discussed *Blockburger,* it did not apply its test. *Id.* at 3–4, 572 N.E.2d at 271–272. Instead, the court relied on the doctrine of collateral estoppel, concluding that the issue of whether the defendant violated the protection order had already been decided and, thus, could not be relitigated. *Id.* at 5, 572 N.E.2d at 272. The court also discussed the nature of the contempt charge and concluded that the labels "civil" and "criminal" are not dispositive; rather, the character of the punishment is controlling. *Id.* at 7–8, 572 N.E.2d at 274. Applying this rationale to the contempt charge, the court concluded that the defendant's thirty-day sentence for violating a "civil" protection order is a criminal punishment, triggering double jeopardy protections. *Id.* at 8, 572 N.E.2d at 274.

In *Cleveland v. Hogan* (1998), 92 Ohio Misc.2d 34, 699 N.E.2d 1020, the municipal court discussed double jeopardy in a case where a defendant was charged under R.C. 2919.25 for domestic violence menacing. The defendant moved to dismiss the case pending in the Cleveland Municipal Court after his wife's attempt to petition for a civil protection order failed. The defendant argued that the subsequent prosecution was barred by double jeopardy and collateral estoppel. *Id.* at 37, 699 N.E.2d at 1022. The court concluded that the prosecution of the defendant under R.C. 2919.25 was not precluded by double jeopardy or collateral estoppel, even though the domestic relations court found in

favor of defendant after a hearing on the merits of the civil protection order. *Id.* at 38, 699 N.E.2d at 1023. The court noted that double jeopardy applies only to criminal proceedings, and not to civil actions where penalties are imposed for the purpose of punishment. *Id.* at 39, 699 N.E.2d at 1023. The court held that the civil protection order proceedings are inherently remedial in nature, and not punitive; thus, there was no need for the protections of double jeopardy in such a case. *Id.* at 39, 699 N.E.2d at 1024.

III. *Analysis of double jeopardy as applied to this case*

In the present case, the court finds that defendant's double jeopardy argument is not well founded; he is not subject to multiple punishments for a single transaction. Defendant argues that placing him under a civil protection order is tantamount to a prosecution, which, on grounds of double jeopardy, bars a prosecution for domestic violence menacing if the charge arises from the same transaction allowing the issuance of the protection order. The court finds that defendant's characterization of the civil protection order is not accurate because the proceedings to grant a civil protection order are not criminal or punitive in nature. There is a substantial difference between being convicted of contempt for violating the protection order and simply being subject to the order's terms and conditions.

Presently, defendant is answering to a single charge arising from a single transaction: a charge for domestic violence menacing under R.C. 2919.25(C). If defendant were found guilty of violating this section, he would be subject to punishment for a fourth-degree misdemeanor. Defendant has not been charged with a violation of the protection order, which would trigger the sanctions in R.C. 3113.31, but with a completely distinct criminal charge. Thus, because the events that took place on November 15, 1999 have resulted in a single charge, the protection afforded by the Double Jeopardy Clause against multiple punishment for a single offense is not triggered, precluding the need to apply the *Blockburger* test.

Even assuming, *arguendo*, that defendant's double jeopardy rights were triggered in this case, the court finds that defendant's argument would not survive *Blockburger* analysis because establishing that a protection order is necessary and proving that an accused has indeed committed domestic violence menacing require proof of different facts. In order to establish a violation of R.C. 2919.25(C), the prosecution must show beyond a reasonable doubt that the accused acted knowingly. Under R.C. 3113.31(D), in order to issue a civil protection order, the court need only find that there exists an immediate and present danger of domestic violence to the petitioning household member. This does not require proof that a defendant acted with any culpable state of mind.

Finally, if this court accepted defendant's argument, the result would be illogical. A complainant in a domestic violence situation would be forced to choose between two courses of action: a civil protection order and any subsequent proceedings for possible violation, or a complaint under Ohio's criminal statutes. This choice frustrates the purpose of the civil protection order, which is to prevent further contact between the complainant and the alleged offender until further disposition by the domestic relations court. The legislature could not have intended this result, given the nature of the respective proceedings. Moreover, a protection order of this nature may not be construed as a finding that the alleged offender committed an offense, and may not be introduced as evidence of the commission of such offense. Thus, the legislature clearly designed a system in which civil protection orders supplement, but do not supplant, criminal charges for various domestic violence crimes.

For the above reasons, the court finds that defendant's motion to dismiss is not well taken and must be denied.

IT IS SO ORDERED.

*Motion denied.*