JOURNAL ENTRY AND OPINION
{¶ 1} Pursuant to R.C. 2945.67, the City of Westlake appeals the judgment of the trial court that dismissed a charge that defendant Edward Patrick violated an order of protection. For the reasons set forth below, we reverse and remand for further proceedings consistent with this opinion.
 {¶ 2} This matter arises in connection with allegations that Paige Berry, a secretary in the Rocky River Police Department, was being stalked by defendant, a Rocky River police officer. The record reveals that on May 27, 2003, Berry filed an action for a civil stalking protection order, in Case No. 501951, in which she alleged that defendant was engaged in menacing by stalking in violation of R.C. 2903.211. Following an ex parte hearing pursuant to R.C. 2903.214, the trial court entered a temporary protection order against defendant which prohibited him from being within 500 yards of Berry or her children. The matter was heard in September 2003.[1]
 {¶ 3} The record further reflects that Berry filed a motion to show cause in connection with an e-mail which defendant sent to a newspaper. The motion to show cause was denied as to this incident.
 {¶ 4} Later, on January 27, 2004, Berry filed a second motion to show cause in which she alleged that defendant had violated the temporary protection order in December 2003, by driving near her home, and within 500 yards of her. In an order journalized on August 16, 2004, the trial court determined that defendant had violated the temporary protection order by driving near Berry's home. The trial court determined that defendant was in contempt of court and ordered that he pay $450 in attorney's fees to Berry's original counsel, and $3,866 in attorney's fees to her subsequent counsel.
 {¶ 5} On January 9, 2004, or prior to the resolution of the common pleas matter, the City of Westlake commenced the instant action, charging defendant with violating a protection order as proscribed in R.C. 2919.27. It is undisputed that the charge stems from the same driving incident which was the subject of the motion to show cause in Case No. 501951.
 {¶ 6} Defendant moved to dismiss the matter, asserting that the city had subjected him to double jeopardy by prosecuting him for conduct which was the subject of the motion to show cause, and that the extended duration of the temporary protection order had violated his right to due process of law.
 {¶ 7} On October 21, 2004, the trial court granted defendant's motion to dismiss, ruling that "the conduct giving rise to the instant prosecution is the same conduct that gave rise to the contempt finding in the Common Pleas Court." Within its journal entry, the court noted that defendant had been fined for violating the temporary order of protection. The city moved for reconsideration and provided the trial court with the court's journal entry in Case No. 501951 to demonstrate that the court of common pleas did not impose a fine in that action. The municipal court denied the motion for reconsideration and the City of Westlake now appeals, assigning a single error for our review.
 {¶ 8} The city's assignment of error states:
 {¶ 9} "The trial court erred in granting Defendant's Motion to Dismiss a charge of violating a protective order on double jeopardy grounds."
 {¶ 10} Within this assignment of error, the city complains that the trial court violated R.C. 2903.214(K) which specifically authorizes the filing of a criminal prosecution for violating an order of protection, following a civil contempt finding for that same violation. The city further argues that jeopardy did not attach to the first matter as the statutory scheme of R.C. 2903.214 establishes a civil penalty, rather than a criminal penalty. Finally, the city contends that in the criminal matter, it must prove that defendant acted with the requisite intent, and this element did not need to be shown in the contempt proceedings.
 {¶ 11} Our review of the district court's double jeopardy ruling is de novo. See United States v. Furlett (7th Cir. 1992), 974 F.2d 839, 842;United States v. Reed (11th Cir. 1991), 937 F.2d 575.
 {¶ 12} The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." The Clause protects only against the imposition of multiple criminal punishments for the same offense. Hudson v. United States
(1997), 522 U.S. 93, 99, 139 L.Ed.2d 450, 118 S. Ct. 488, abrogatingUnited States v. Halper, 490 U.S. 435, 104 L.Ed.2d 487, 109 S.Ct. 1892
(1989). In Hudson, the Court suggested that the factors considered inKennedy v. Mendoza-Martinez, 372 U.S. 144, 9 L.Ed.2d 644, 83 S.Ct. 554
(1963), serve as "useful guideposts" in determining whether a sanction amounts to either a civil remedy or criminal penalty. In using these guideposts, Courts must look "to the statute on its face," and "only the clearest proof" will take what the legislature intended as a civil remedy and make it a criminal penalty. Id.
 {¶ 13} The factors include: (1) "whether the sanction involves an affirmative disability or restraint"; (2) "whether it has historically been regarded as a punishment"; (3) "whether it comes into play only on a finding of scienter"; (4) "whether its operation will promote the traditional aims of punishment — retribution and deterrence"; (5) "whether the behavior to which it applies is already a crime"; (6) "whether an alternative purpose to which it may rationally be connected is assignable for it"; and (7) "whether it appears excessive in relation to the alternative purposes assigned." Id.
 {¶ 14} In applying these concepts to this matter, we note, as an initial matter, that double jeopardy claims generally are only applicable where the contempt finding is criminal rather than civil. See DaytonWomen's Health Center v. Enix (1991), 68 Ohio App.3d 579, 590,589 N.E.2d 121; State v. Miller, Holmes App. No. 02 CA 16, 2003-Ohio-948. With regard to contempt of court pursuant to R.C. 2903.214, we further note that, on its face, it clearly provides for a civil sanction, and is civil in nature, not criminal. The statute shows a legislative intent designed to ensure the "safety and protection" of the complainant. R.C.2903.214(D) and (E). The matter "shall proceed as a normal civil action," R.C. 2903.214(D)(3), in accordance with the Rules of Civil Procedure, R.C. 2903.214(G). Violations are punished as contempt of court, but separate criminal proceedings are specifically authorized under R.C.2903.214(K), and the burden of proof is a preponderance of the evidence. See Davis v. Dinunzio, Lake App. No. 2004-L-106, 2005-Ohio-2883.
 {¶ 15} Moreover, an analysis of the other factors does not provide clear proof that the statute provides a criminal penalty. First, no disability is imposed for a violation. Second, violation of the order is pursued as contempt of court, absent a separate criminal prosecution, as authorized pursuant to R.C. 2903.214(K). Third, civil contempt sanctions are designed to compel future compliance with a court order, are considered to be coercive rather than punitive, and inure to the benefit of a party to the litigation. State ex rel Corn v. Russo,90 Ohio St.3d 551, 555, 2001-Ohio-15, 740 N.E.2d 265; Smith v. Doe
(2003), 538 U.S. 84, 155 L.Ed.2d 164, 123 S.Ct. 1140. Fourth, in such civil contempt actions, the intent of the transgressing party is irrelevant. In re Carroll (1985), 28 Ohio App.3d 6, 501 N.E.2d 1204;Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, 271 N.E.2d 815;Pedone v. Pedone (1983), 11 Ohio App.3d 164, 463 N.E.2d 656. Fifth, the behavior to which it applies may also constitute an offense under R.C.2919.27, but in such instance, the additional element of recklessness must be established. State v. Lucas, 100 Ohio St.3d 1, 2003-Ohio-4778,795 N.E.2d 642. Sixth, there is no alternative criminal purpose connected to the sanctions as they are simply coercive, Windham Bank v.Tomaszczyk, supra, and seventh, the possible sanctions are not excessive as they simply reflect a trial court's inherent discretion to punish contempt of court.
 {¶ 16} In this connection, defendant complains that the common pleas action did involve a punitive sanction because the trial court announced that it had fined defendant $500, then awarded Berry attorney's fees. The fine was never journalized, however, and a court speaks only through its journal. Kaine v. Marion Prison Warden, 88 Ohio St.3d 454, 455,2000-Ohio-381, 727 N.E.2d 907; State v. King, 70 Ohio St.3d 158, 162,1994-Ohio-412, 637 N.E.2d 903. Further, a trial court may, within its discretion, include attorney fees as part of the costs taxable to a defendant found guilty of civil contempt. Planned Parenthood Assn. ofCincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56, 67,556 N.E.2d 157, 165; State, ex rel. Fraternal Order of Police v. Dayton
(1977), 49 Ohio St.2d 219, 361 N.E.2d 428, syllabus.
 {¶ 17} In accordance with all of the foregoing, we hold that the statutory scheme is not so punitive in purpose or effect as to transform what was clearly intended to be a civil remedy into a criminal penalty. Accordingly, jeopardy did not attach to the earlier common pleas proceedings and this matter is not barred by double jeopardy.
 {¶ 18} Accord Cleveland v. Hogan (1998), 92 Ohio Misc. 2d 34,699 N.E.2d 1020. In Hogan the municipal court discussed double jeopardy in a case where a defendant was charged under R.C. 2919.25 for domestic violence menacing after his wife's attempt to petition for a civil protection order failed. In rejecting the defendant's double jeopardy challenge, the court noted that double jeopardy applies only to criminal proceedings, and not to civil actions where penalties are imposed for the purpose of punishment. Id. at 39, 699 N.E.2d at 1023. The court held that the civil protection order proceedings are inherently remedial in nature, and not punitive; thus, there was no need for the protections of double jeopardy in such a case. Id. at 39, 699 N.E.2d at 1024. AccordState v. Ohm, 107 Ohio Misc.2d 19, 736 N.E.2d 121. But see, State v.Vanselow (1991), 61 Ohio Misc.2d 1, 572 N.E.2d 269 (Relying on the conduct analysis set forth in Grady v. Corbin, supra, and the double jeopardy analysis set forth in United States v. Halper, supra, double jeopardy analysis, the court concluded that the labels "civil" and "criminal" are not dispositive and that defendant's thirty-day sentence for violating a "civil" protection order is a criminal punishment, triggering double jeopardy protections).
 {¶ 19} Finally, we note that even assuming, arguendo, that defendant's double jeopardy rights were triggered by the prior common pleas action, defendant's argument would not survive the double jeopardy analysis set forth in Blockburger v. United States (1932), 284 U.S. 299, 52 S.Ct. 180,76 L.Ed. 306,[2] as the prior contempt action did not require proof of a mens rea and this matter requires the city to show that defendant acted recklessly. See Windham Bank v. Tomaszczyk, supra; State v. Lucas,
supra.
 {¶ 20} The city's assignment of error is well-taken.
 {¶ 21} This matter is reversed and the case is remanded for further proceedings consistent with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Sweeney, J., concur.
[1] Defendant does not appear to have objected to continuation of the temporary order.
[2] The Supreme Court has repudiated the former notion that double jeopardy protections require subsequent prosecutions to satisfy a "same conduct" test. See Grady v. Corbin, 495 U.S. 508, 109 L. Ed. 2d 548,110 S. Ct. 2084 (1990), overruled by United States v. Dixon, 509 U.S. 688,704, 125 L.Ed. 2d 556, 113 S. Ct. 2849 (1993). Accord State v. Zima,102 Ohio St.3d 61, 2004-Ohio-1807, 806 N.E.2d 542.