[Cite as *Walker v. Walker*, 2011-Ohio-3933.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LINDA K. WALKER | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| Petitioner-Appellee | |
| -vs- | |
| | Case No. 2010CA00311 |
| DAVID B. WALKER | |
| Respondent-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2010 MI 365 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | August 8, 2011 |
| APPEARANCES: | |

| For Petitioner-Appellee | For Respondent-Appellant |
|---|---|
| DOUGLAS C. BOND<br>Morello & Bond, LTD.<br>700 Courtyard Centre<br>116 Cleveland Avenue N.W.<br>Canton, Ohio 44702 | JEFFREY JAKMIDES<br>325 East Main Street<br>Alliance, Ohio 44601 |

*Hoffman, P.J.*

{¶1}  Respondent-appellant David B. Walker appeals the October 5, 2010 Judgment Entry of the Stark County Court of Common Pleas granting a civil stalking protection order against him and in favor of Petitioner-appellee Linda K. Walker.

STATEMENT OF THE CASE

{¶2}  On August 27, 2010, Appellee filed a petition for an ex parte order of protection. The trial court issued the ex parte order of protection, and scheduled the matter for full hearing to be held on September 7, 2010.  Appellant appeared pro se at that hearing.

{¶3}  Via Judgment Entry of October 5, 2010, the trial court issued a civil order of protection against Appellant in favor of Appellee.

{¶4}  Appellant now appeals, assigning as error:

{¶5}  "I. THE TRIAL COURT ERRED IN NOT ADVISING THE RESPONDENT PRO SE OF HIS RIGHT TO COUNSEL.

{¶6}  "II. THE TRIAL COURT ERRED IN NOT DISCUSSING WITH THE RESPONDENT PRO SE THE ADVISABILITY OF SECURING COUNSEL AND THE POSSIBLE CONSEQUENCES OF PROCEEDING PRO SE.

{¶7}  "III. THE TRIAL COURT ERRED IN NOT DETERMINING IF THE RESPONDENT PRO SE WAS CAPABLE AND COMPETENT TO REPRESENT HIMSELF."

I, II, & III

{¶8}  Appellant's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶9}   Appellant asserts a civil protection order hearing is akin to a criminal proceeding, as the petitioner must establish the respondent engaged in menacing by stalking and a violation of the same is a misdemeanor of the first degree.  Therefore, Appellant argues the trial court should have advised Appellant of his right to counsel, the risks and consequences of proceeding pro se, and inquired as to whether Appellant was knowingly and voluntarily waiving his right to counsel prior to the full hearing on the civil protection order.

{¶10} The civil stalking protection order in this matter was issued pursuant to R.C. 2903.214.  The statute reads, in pertinent part:

{¶11} "(D)(2)(a) If the court, after an ex parte hearing, issues a protection order described in division (E) of this section, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division. Under any of the following circumstances or for any of the following reasons, the court may grant a continuance of the full hearing to a reasonable time determined by the court:

{¶12} "(i) Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.

{¶13} "(ii) The parties consent to the continuance.

{¶14} "(iii) The continuance is needed to allow a party to obtain counsel.

{¶15} "(iv) The continuance is needed for other good cause."

**{¶16}** The granting of a civil protection order pursuant to R.C. 2903.214 is not the equivalent of finding the person against whom the order is granted has committed a criminal offense. See *Rieger v. Rieger,* 165 Ohio App.3d 454, 2006-Ohio-482, 847 N.E.2d 9, ¶ 9. Since proceedings involving the determination of whether to grant a protection order are civil, a defendant is generally not entitled to legal representation. See *State ex rel. Jenkins v. Stern* (1987), 33 Ohio St.3d 108, 110, 515 N.E.2d 928 (no generalized right of counsel in civil litigation).

**{¶17}** In *Westlake v. Patrick*, Cuyahoga App. No. 85581, 2005-Ohio-4419, the Eighth District Court of Appeals addressed the issue of whether double jeopardy prohibitions attach to civil stalking protection order proceedings, and held:

**{¶18}** "In applying these concepts to this matter, we note, as an initial matter, that double jeopardy claims generally are only applicable where the contempt finding is criminal rather than civil. See *Dayton Women's Health Center v. Enix* (1991), 68 Ohio App.3d 579, 590, 589 N.E.2d 121; *State v. Miller,* Holmes App. No. 02 CA 16, 2003-Ohio-948. With regard to contempt of court pursuant to R.C. 2903.214, we further note that, on its face, it clearly provides for a civil sanction, and is civil in nature, not criminal. The statute shows a legislative intent designed to ensure the 'safety and protection' of the complainant. R.C. 2903.214(D) and (E). The matter 'shall proceed as a normal civil action,' R.C. 2903.214(D)(3), in accordance with the Rules of Civil Procedure, R.C. 2903.214(G). Violations are punished as contempt of court, but separate criminal proceedings are specifically authorized under R.C. 2903.214(K), and the burden of proof is a preponderance of the evidence. See *Davis v. Dinunzio,* Lake App. No.2004-L-106, 2005-Ohio-2883.

**{¶19}** "Moreover, an analysis of the other factors does not provide clear proof that the statute provides a criminal penalty. First, no disability is imposed for a violation. Second, violation of the order is pursued as contempt of court, absent a separate criminal prosecution, as authorized pursuant to R.C. 2903.214(K). Third, civil contempt sanctions are designed to compel future compliance with a court order, are considered to be coercive rather than punitive, and inure to the benefit of a party to the litigation. *State ex rel Corn v. Russo,* 90 Ohio St.3d 551, 555, 2001-Ohio-15, 740 N.E.2d 265; *Smith v. Doe* (2003), 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164. Fourth, in such civil contempt actions, the intent of the transgressing party is irrelevant. *In re Carroll* (1985), 28 Ohio App.3d 6, 501 N.E.2d 1204; *Windham Bank v. Tomaszczyk* (1971), 27 Ohio St.2d 55, 271 N.E.2d 815; *Pedone v. Pedone* (1983), 11 Ohio App.3d 164, 463 N.E.2d 656. Fifth, the behavior to which it applies may also constitute an offense under R.C. 2919.27, but in such instance, the additional element of recklessness must be established. *State v. Lucas,* 100 Ohio St.3d 1, 2003-Ohio-4778, 795 N.E.2d 642. Sixth, there is no alternative criminal purpose connected to the sanctions as they are simply coercive, *Windham Bank v. Tomaszczyk,* supra, and seventh, the possible sanctions are not excessive as they simply reflect a trial court's inherent discretion to punish contempt of court.

**{¶20}** "In this connection, defendant complains that the common pleas action did involve a punitive sanction because the trial court announced that it had fined defendant $500, then awarded Berry attorney's fees. The fine was never journalized, however, and a court speaks only through its journal. *Kaine v. Marion Prison Warden,* 88 Ohio St.3d 454, 455, 2000-Ohio-381, 727 N.E.2d 907; *State v. King,* 70 Ohio St.3d 158, 162, 1994-

Ohio-412, 637 N.E.2d 903. Further, a trial court may, within its discretion, include attorney fees as part of the costs taxable to a defendant found guilty of civil contempt. *Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho* (1990), 52 Ohio St.3d 56, 67, 556 N.E.2d 157, 165; *State, ex rel. Fraternal Order of Police v. Dayton* (1977), 49 Ohio St.2d 219, 361 N.E.2d 428, syllabus.

**{¶21}** "In accordance with all of the foregoing, we hold that the statutory scheme is not so punitive in purpose or effect as to transform what was clearly intended to be a civil remedy into a criminal penalty. Accordingly, jeopardy did not attach to the earlier common pleas proceedings and this matter is not barred by double jeopardy."

**{¶22}** In the case at hand, we hold the September 7, 2010 hearing on the civil stalking protection order held pursuant to R.C. 2903.214 was not akin to a criminal proceeding; therefore, Appellant was not entitled to representation. Based upon the case law set forth above, civil stalking protection order proceedings are civil in nature, and Appellant was not entitled to representation as in a criminal proceeding. Pursuant to the statute, Appellant was afforded a full and fair opportunity to be heard, and elected to represent himself throughout the proceedings.

**{¶23}** Appellant's three assignments of error are overruled.

{¶24} The October 5, 2010 Judgment Entry of the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Delaney, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

LINDA K. WALKER                   :
                                     :
      Petitioner-Appellee         :
                                     :
-vs-                        :          JUDGMENT ENTRY
                                     :
DAVID B. WALKER               :
                                     :
      Respondent-Appellant     :          Case No. 2010CA00311

For the reasons stated in our accompanying Opinion, the October 5, 2010 Judgment Entry of the Stark County Court of Common Pleas is affirmed.  Costs to Appellant.

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER


s/ Patricia A. Delaney
HON. PATRICIA A. DELANEY