[Cite as *Roxey v. Smallwood*, 2016-Ohio-720.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| DONNALYN I. ROXEY | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Petitioner - Appellee | : | | Hon. Patricia A. Delaney, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| ROBERT C. SMALLWOOD, JR. | : | | Case Nos. 15-CA-15 and 15-CA-39 |
| | : | | |
| Respondent - Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Fairfield County
                                                          Court of Common Pleas, Case No.
                                                          2014 CP 00022



JUDGMENT:                                        Affirmed



DATE OF JUDGMENT:                        February 23, 2016




APPEARANCES:

For Petitioner-Appellee                          For Respondent-Appellant

ORVAL E. FIELDS, II                              NICHOLAS R. GRILLI
KRISTI R. MCANAUL                             ALYSSA L. PARROTT
Orval Fields & Associates, Co., L.P.A.    Dagger, Johnston, Miller,
660 Hill Road. N., PO Box 220              Ogilvie & Hampson
Pickerington, Ohio 43147                       144 East Main Street, PO Box 667
                                                          Lancaster, Ohio 43130

*Baldwin, J.*

{¶1}   Appellant Robert C. Smallwood, Jr. appeals a judgment of the Fairfield County Common Pleas Court issuing a civil stalking protection order (CSPO) against him and in favor of appellee Donnalyn I. Roxey, and a judgment overruling his motion for Civ. R. 60(B) relief from said order.

## STATEMENT OF THE FACTS AND CASE

{¶2}   On October 16, 2014, appellee filed a petition for a CSPO, and an ex parte order was issued on the same date.  The order protected both appellee, who was previously married to appellant, and appellee's minor daughter from a previous relationship.  The order further provided for exchange of the parties' minor daughter, who was at the time the subject of a share parenting agreement, at the Pickerington police station.  The order sets forth that the full hearing would be held on November 24, 2014, and reflects service of the order on appellant.  Although service initially was returned as failed, the docket reflects that the order was served on appellant on October 27, 2014.

{¶3}   Appellee moved to continue the November 24, 2014 hearing.  The motion for continuance included a certificate of service on appellant.  The court granted the motion and set the hearing for February 20, 2015.  The record does not reflect that the notice of the new hearing date was served on appellant.

{¶4}   The case proceeded to a full hearing on February 20, 2015.   Appellant failed to appear, and the magistrate noted on the record that it did not appear that appellant had been served.  Counsel for appellee responded that his understanding was that appellant was served at the jail at some point in the last two weeks.  The magistrate

noted that notice of the new hearing date would not be part of what they served him, but she would see if appellant could be brought to court from the jail for the hearing.

{¶5}   Appellant was brought up from the jail and orally waived his right to a full hearing.  The magistrate explained that he would be waiving his right to a full hearing, his right to cross-examine witnesses, his right to look at the evidence presented by appellee, and his right to present witnesses and evidence on his own behalf.  The magistrate further explained that he was waiving the right to request specific factual findings from the court. The magistrate read the terms of the CSPO to appellant.  When she finished, appellant asked two questions.  First, he asked to clarify that the persons protected under the order were appellee and her minor daughter, and second, he asked a question regarding how the order would work if he encountered appellee while driving.  Appellant then signed a written waiver of a full hearing on the CSPO.

{¶6}   Appellant filed a notice of appeal from the CSPO, which was assigned case number 15-CA-15.  Appellant also filed a motion for Civ. R. 60(B) relief from the order, or in the alternative a motion to modify the CSPO to allow peaceful, reasonable contact between the parties relating to their minor child.  This Court remanded the case to the trial court to rule on the Civ. R. 60(B) motion.  The trial court overruled the motion, and appellant filed a notice of appeal from that order, assigned case number 15-CA-39.  This Court consolidated the two appeals.

{¶7}   Appellant assigns four errors:

{¶8}   "I. THE TRIAL COURT DENIED APPELLANT HIS DUE PROCESS WHEN IT ISSUED ITS JUDGMENT ENTRY/CIVIL STALKING PROTECTION ORDER FULL

HEARING (O.R.C. §2903.214) HAVING NEVER SERVED APPELLANT WITH PROPER NOTICE OF THE CONTINUED FULL HEARING.

**{¶9}** "II.     THE TRIAL COURT ERRED IN ISSUING ITS JUDGMENT ENTRY/CIVIL STALKING PROTECTION ORDER FULL HEARING (O.R.C. §2903.214) WITHOUT APPELLANT KNOWINGLY AND INTELLIGENTLY WAIVING HIS RIGHT TO A FULL HEARING OF THE CIVIL STALKING PROTECTION ORDER.

**{¶10}** "III.   THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR CIV. R. 60(B) RELIEF AND NOT SETTING ASIDE ITS JUDGMENT ENTRY/CIVIL STALKING PROTECTION ORDER FULL HEARING (O.R.C. §2903.214).

**{¶11}** "IV.   THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR CIV. R. 60(B) RELIEF WITHOUT FIRST HAVING AN EVIDENTIARY HEARING ON APPELLANT'S MOTION FOR CIV. R. 60(B) RELIEF."

I.

**{¶12}** Appellant argues that he was denied due process because he was not served with proper notice of the continued full hearing.

**{¶13}** R.C. 2903.14(D)(2)(a) provides for notice of the full hearing on a CSPO and sets forth the procedure regarding continuing the full hearing:

> (2)(a) If the court, after an ex parte hearing, issues a protection order described in division (E) of this section, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the

hearing in accordance with this division. Under any of the following circumstances or for any of the following reasons, the court may grant a continuance of the full hearing to a reasonable time determined by the court:

(i)     Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.

(ii)     The parties consent to the continuance.

(iii)     The continuance is needed to allow a party to obtain counsel.

(iv)     The continuance is needed for other good cause.

**{¶14}** In *Oddo v. Spencer,* 5th Dist. Stark No. 2008CA00215, 2009-Ohio-4320, the full hearing on a CPO was set for July 24, 2008 at 10:00 a.m. At 9:00 on the morning of the hearing, the respondent appeared at the courthouse at the request of the sheriff's department, and at that time was served with the petition, the ex parte order, and the notice of the full hearing. We concluded that appellant received reasonable notice and an opportunity to be heard, and the trial court did not abuse its discretion in proceeding with the full hearing. *Id.* at ¶16. In the instant case, appellant had received notice of the petition, the ex parte order, the original date of the full hearing and the motion to continue the full hearing prior to the date of the full hearing, and received notice of the actual date of the full hearing on the hearing date. Pursuant to our decision in *Oddo,* we find reasonable notice was afforded to appellant under the circumstances presented, and the trial court did not err in failing to sua sponte reset the hearing to another date.

**{¶15}** Further, the defense of insufficiency of service attacks the court's jurisdiction, and must be asserted by a party's first pleading, motion, or appearance in the

case. E.g., *Smith v. Hensel,* 5th Dist. Ashland No. 04-COA-077, 04-COA-078, 2005-Ohio-3465, ¶12. If a party appears for any purpose other than to object to jurisdiction, the party is deemed to have entered a general appearance in the action and voluntarily submitted himself to the jurisdiction of the court. *Id.* As appellant did not object to the lack of service at his first opportunity, he submitted himself to the jurisdiction of the court and cannot now complain of lack of notice.

{¶16} The first assignment of error is overruled.

II.

{¶17} In his second assignment of error, appellant argues that his waiver of a full hearing was not knowing and voluntary. He argues that the court erred in failing to inquire as to whether he wished to continue the case in order to consult with counsel.

{¶18} In *Oddo, supra,* the respondent argued that the magistrate should have inquired about his readiness to proceed and his interest in obtaining an attorney to represent him in a CPO action. In rejecting his argument, we concluded that full colloquy requirements, such as those set forth in a Crim. R. 11 plea proceeding, were not required in a civil protection proceeding. 2009-Ohio-4320, ¶16. Since proceedings involving the determination of whether to grant a protection order are civil, a defendant is generally not entitled to legal representation. *Walker v. Walker*, 5th Dist. Stark No. 2010CA00311, 2011-Ohio-3933, ¶16. Counsel for appellant had not entered an appearance in the instant action, and appellant did not indicate to the court that he was represented and wished to consult with counsel prior to proceeding.

{¶19} Appellant then appeared in open court and orally waived his right to a full hearing. The magistrate explained that he would be waiving his right to a full hearing, his

right to cross-examine witnesses, his right to look at the evidence presented by appellee, and his right to present witnesses and evidence on his own behalf. The magistrate further explained that he was waiving the right to request specific factual findings from the court. The magistrate read the terms of the CSPO to appellant. When she finished, appellant asked two questions. First, he asked to clarify that the persons protected under the order were appellee and her minor daughter, and second, he asked a question regarding how the order would work if he encountered appellee while driving. Appellant then signed a written waiver of a full hearing on the order. Nothing in the record demonstrates that his waiver was not knowing and voluntary.

{¶20} The second assignment of error is overruled.

III., IV.

{¶21} In his third and fourth assignments of error, appellant argues that the court erred in overruling his motion for Civ. R. 60(B) relief from judgment and in failing to hold an evidentiary hearing on his motion.

{¶22} To prevail on a motion to vacate a judgment pursuant to Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment. *GTE Automatic Electric Company, Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus (1976).

{¶23} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Griffey*

*v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122(1987). The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140(1983).

**{¶24}** Appellant moved for relief from judgment pursuant to Civ. R. 60(B) (1), (4) and (5):

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

**{¶25}** In his affidavit attached to the motion, appellant avers that had he known the CSPO could affect his ability to communicate with his ex-wife concerning their minor daughter, and would therefore affect his ability to maintain shared parenting of his daughter, he would not have waived the full hearing. However, he does not set forth a meritorious defense to the CSPO proceeding. The court did not err in overruling the motion for Civ. R. 60(B) relief without a hearing.

**{¶26}** The third and fourth assignments of error are overruled.

**{¶27}** Appellee filed a motion to enlarge the record on appeal on December 29, 2015. On January 7, 2016, this Court took the motion under advisement pending merit review. Appellee's motion is overruled.

**{¶28}** The judgment of the Fairfield County Common Pleas Court is affirmed. Costs are assessed to appellant.

By: Baldwin, J. and

Delaney, J. concurs.

Hoffman, P.J. concurs separately

_____
HON. CRAIG R. BALDWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. PATRICIA A. DELANEY

CRB/rad

*Hoffman, P.J., concurring*

**{¶29}** I concur in the majority's analysis and disposition of Appellant's second, third and fourth assignments of error.

**{¶30}** I further concur in the majority's disposition of Appellant's first assignment of error. I do not find the record affirmatively demonstrates Appellant ever received written notice of the hearing by the trial court.[1] Nevertheless, I concur in the decision to overrule Appellant's first assignment of error because of his failure to request a continuance and his subsequent waiver of a full hearing which would supersede any error relative to his failure to receive written notice of the hearing.[2]

---

[1] In our *Spencer* case noted by the majority, the Appellant therein received written notice, albeit on the same day as the hearing.

[2] I find the majority's discussion of jurisdiction based upon a party's appearance in court of little relevance to Appellant's due process argument.